## UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In the Matter of:. | ) | **CASE NO. 10-30942** |
| **WILLIAM W. GILLESPIE, JR and** | ) | |
| **JIMMIE C. GILLESPIE** | ) | |
| | ) | |
| **DEBTORS** | ) | **A Chapter 11 Reorganization** |
| | ) | |

## PLAN OF REORGANIZATION

Pursuant to the provisions of Section 1123 of the Bankruptcy Code (11 U.S.C. § 1123), the Debtors, William W. Gillespie and Jimmie C. Gillespie., hereby submit the following Plan of Reorganization.

## I. SUMMARY OF PLAN

The Debtors' Plan of Reorganization ("Plan") is based on the Debtors' belief that the interests of its creditors will be best served if they are allowed to reorganize their debts. The Debtors will fund their plan from business operations.

The Debtors will pay the administrative costs in full within ten days of the Effective Date or upon such other mutually acceptable terms as the parties may agree.  Such claims remaining unpaid ten days following the Effective Date shall accrue interest at a rate of 8% per annum.

Any and all priority taxes due and owing to the Internal Revenue Service and Gastonia County Tax Collector or any other county or city taxing authority shall be paid over a period of five years in monthly installments with interest at an annual rate three percent (3%) beginning on 12th full month following the Effective Date.

The Debtors will treat some of the claims of Alliance Bank ("Alliance"), American Home Mortgage Servicing, Inc. ("AHM"), Capital Bank ("Capital"), Carolina Trust Bank ("CTB"), Cherryville Federal Bank ("Cherryville"), Fidelity Bank ("Fidelity"), Fifth Third Bank ("Fifth Third"), First National Bank ("First National"), Litton, and RBC Centura ("RBC"), as fully secured as described more fully herein.

The Debtors will treat some of the claims of American Home Mortgage Servicing, Inc. ("AHM"), Capital Bank ("Capital"), Carolina Trust Bank ("CTB"), Cherryville Federal Bank ("Cherryville"), Bank of America ("BAC"), Fidelity Bank ("Fidelity"), Fifth Third Bank ("Fifth Third"), First National Bank ("First National"), General Motors Acceptance, Corp. ("GMAC"), IndyMac, Litton, Loan Care ("LoanCare"), Nexity Bank ("Nexity"), RBC Centura ("RBC"), J.P. Morgan & Chase ("Chase"), U.S. Bank, and Wells Fargo Bank ("Wells Fargo"), as partially secured based upon the value of the collateral as described more fully herein.

The Debtors shall assume the following residential leases:

1. Alissa Smith, 1001 E. Harrison Ave, one year lease with a monthly payment of $882.00.

2. Erica Brown, 1003 E. Harrison Ave, one year lease with monthly payment of $701.00.

3. Venicia Mora & Samuel Otano, 1006 Briarwood Dr., one year lease with a monthly payment of $625.00.

4. Doreva Wilkerson, 1008 Briarwood Dr. one year lease with payments of $0.00.

5. Stephanie Lindsay, 1033 Parkview Drive, one year lease with a monthly payment of $600.00 (Subsidy TBD).

6. Jonie Mitchell, 1063 Parkview Drive, one year lease with monthly payments of $ 550.00.

7. Tammy Mitchell, 1112 West Davidson Ave., one year lease with monthly payments of 649.00.

8. Latoya Glover, 1114 West Davidson Ave., one year lease with monthly payments of $588.00.

9.  Julia Grice 112 Miller Street, one year lease with monthly payments of $625.00.

10. Kennette Coker, 1208 West Walnut Ave., one year lease with monthly payments of $719.00.

11. Whitney McKinney, 149 Winget Circle, one year lease with  monthly payments of $515.00.

12. Tomecka Currence 1804 South Perry Street, one year lease with a monthly payment of $675.00.

13. George & Michele Davis, 1816 Middle Street, one year lease with a monthly payment of $725.00.

14. Hattie Walker, 1817 Middle Street, one year lease with a monthly payment of $588.00.

15. LaSonya Jordon, 1820 Middle Street, one year lease with a monthly payment of $725.00.

16. Darlene Thompson, 1823 Middle Street, one year lease with a monthly payment of $525.00.

17. Twanna Alston, 1824 Middle Street, one year lease with a monthly payment of $725.00.

18. Brandon Jefferies & Veronica Erwin, 1827 Middle Street, one year lease with a monthly payment of $575.00.

3

19. Dayonna Parks, 1828 Middle Street, one year lease with a monthly payment of $725.00.

20. Marsha Lowery, 1831 Middle Street, one year lease with a monthly payment of $567.00.

21. Marie White, 1832 Middle Street, one year lease with a monthly payment of $701.00.

22. Kertinna Kendrick,1836 Middle Street, one year lease with a monthly payment of $761.00.

23. Rosa Sheppard, 1837 Middle Street, one year lease with a monthly payment of $540.00.

24. JaTavia Strickland, 1840 Middle Street, one year  lease with a monthly payment of $683.00.

25. Bronda Mason, 1843 Middle Street, one year lease with a monthly payment of $588.00.

26. Eugenia Kennedy, 2000 Foxworth Lane, one year lease with a monthly payment of 660.00.

27. Cindy Lee, 2000 Gothic Court, one year lease with a monthly payment  of $622.00.

28. Alex & Fidel  2001 Foxworth Lane, one year lease with a monthly payment of $600.00.

29. Rosa Monroe, 2001 Gothic Court, one year lease with a monthly payment of $609.00.

30. Carletta Mackins, 2006 Gothic Court, one year lease with a monthly payment of $625.00.

31. Jennifer Porter, 2007 Gothic Court, one year lease with a monthly payment of $700.00.

32. Shawn Crowder, 202 South Roxford Road, one year lease with a monthly payment of $600.00

33. Kisha Dawkins, 206 Winget, one year lease with  a monthly payment of $560.00.

34. Janice Crump, 2094 Hartford Drive, one year lease with a monthly payment of $625.00.

35. Torche Hall,  2102 Hartford Drive, one year lease with a monthly payment of $623.00.

36. Tammy Thomas, 211 North Pryor Street, one year lease with a monthly payment of $710.00.

37. Vera Martin, 2119 Hartford Drive, one year lease with a monthly payment of $575.00.

38. Karen Richardson, 2124 Springfield, one year lease with a monthly payment of $700.00.

39. Mike & Rose Porter, 2131 Hartford Drive, one year lease with a monthly payment of $685.00.

40. Tonya Hoyle, 2137 Hartford Drive, one lease with a monthly payment of $643.00.

41. Tasha & Zelma Krank, 2138 Hartford Drive, one year lease with a monthly payment of $ 630.00.

42. Tonisha Cole,  2143 Hartford Drive, one year lease with a monthly payment of $662.00.

43. Bridget Hatten, 2149 Hartford Drive, one year lease with a monthly payment of $700.00.

44. LaKeena Kendrick, 2155 Hartford Drive, one year lease with a monthly payment of $683.00.

45. Travarius & Idella Falls, 2156 Hartford Drive, one year lease with a monthly payment of $650.00.

46. Michelle Reid, 2218 Lyon Street, one year lease with a monthly payment of $656.00.

47. Latoya Mintz, 2319 Knight Drive, one year lease with a monthly payment of $625.00.

48. Kimberly Nichols, 2348 Edwin Street, one year lease with a monthly payment of $782.00.

49. Madeline Wilson, 2354 Edwin Street, one year lease with a monthly payment of $782.00.

50. Valisha Hunter, 2519 Gardner Street, one year lease with a monthly payment of $850.00.

51. Kirby & Kelly Tanner, 2523 Myers Street, one year lease with a monthly payment of $725.00.

52. Willie & Cynthia Miller, 2525 Myers, one year lease with a monthly payment of $735.00.

53. Sharndereia Davis, 2534 Myers Street, one year lease with a monthly payment of$685.00.

54. James & Sheila Harrison, 2538 Myers Street, one year lease with a monthly payment of $725.00.

55. Cathy Armstrong, 2611 Goble Street, one year lease with a monthly payment of$570.00.

56. David & Tara Boyce, 2619 Goble Street, one year lease with a monthly payment of $725.00.

57. Kenya Wright, 2653 Goble Street, one year lease with a monthly payment of $650.00.

58. Audrey Allison, 2700 Westview Street, one year lease with a monthly payment of $683.00.

59. Ci Ci Gaffney, 2704 Westview Street, one year lease with a monthly payment of $725.00.

60. Dominica Maness, 2705 Goble Street, one year lease with a monthly payment of $751.00.

61. Robin Pratt, 2709 Goble Street, one year lease with a monthly payment of $645.00.

62. Omia Wilson, 2710 Westview Street, one year lease with a monthly payment of $744.00.

63. Claudio Martines, 2712 Crescent Lane, one year lease with a monthly payment of $470.00.

64. Alicia Moonie, 2713 Westview Street, one year lease with a monthly payment of $650.00.

65. Quanoia Phillip, 2713 Westview Street, one year lease with a monthly payment of $725.00.

66. Bobbie Rafferty, 2717 Goble Street, one year lease with a monthly payment of $699.00.

67. Magdalana Gonzonez, 2721 Goble Street, one year lease with a monthly payment of $719.00.

68. Crystal Johnson & Marc Wallace, 2721 Westview Street, one year lease with a monthly payment of$575.00.

69. Shannon Mintz, 2722 Westview Street, one year  lease with a monthly payment of $675.00.

70. Stacy Wilson, 2723 Westview Street, one year lease with a monthly payment of $668.00.

71. Essie Baxter, 2724 Westview Street, one year lease with a monthly payment of $725.00.

72.  Steve Keese, 2727 Westview Street, one year lease with a monthly payment of $866.66.

73. Belinda Leach, 2733 Goble Street, one year lease with a monthly payment of $650.00.

74. Diandre & Shemeka Phifer, 2733 Westview Street, one year lease with a monthly payment of $725.00.

75. Jaida Robinson, 2737 Meade Street, one year lease with a monthly payment of $0.00

76. Delores Cansler, 2802 Westview Street, one year lease with  monthly payment of $725.00.

77. Alicia Sanders, 2833 Crawford Avenue, one year lease with a monthly payment of $675.00.

78. Tommy Gardin, 2902 Crawford Avenue, one year with a monthly payment of $656.00.

79. Robin Hopper, 3019 Salem Drive, one year with a monthly payment of $675.00.

80. Evelyn Adams, 3031 Salem Drive, one year with a monthly payment of $560.00.

81. Latoya Spencer, 3033 Crawford Avenue, one year with  a monthly payment of $675.00.

82. Anthony Stowe, 3039 Crawford Avenue, one year with a monthly payment of $0.00.

83. Shonda Brown, 3054 Crawford Avenue, one year lease with a monthly payment of $772.00.

84.  Quann Lloyd, 306 Midway Street, one year lease with a monthly payment of $575.00.

85. Lisa Spencer, 308 Robinson Clemmer, one year lease with a monthly payment of $650.00.

86. Zachary Curfman, 310 Clemmer  one year lease with  a monthly payment  of $650.00.

87. Shmekia Dameron, 3100 Spring Valley Drive, one year lease with a monthly payment of $621.00.

88. Chris & Jennifer Marr, 3417 Gatewood Drive, one year lease with a monthly payment of $470.00.

89. Thomas & Nancy Gardin, 3623 Robinson Circle, one year lease with a monthly payment of $550.00.

90. Crescent Industries, 417 North Broad Street, one year lease with a monthly payment of $500.00.

91. Markeitta Young, 508 East Robinson Road, one year lease with a monthly payment of $535.00 .

92. Jemetha Fleming, 511 Newcastle Road, one year lease with a monthly payment of $650.00.

93. Alice Guthrie, 517 Tareyton Drive, one year lease with a monthly payment of $850.00.

94. Jerricka McCorkle, 528 Tareyton Drive, one year lease with a monthly payment of $788.00.

95.  VelekaGladden, 531 Sherman Street, one year lease with a monthly payment of $725.00.

96. Eddie Glover, 553 Tareyton Drive, one year lease with a monthly payment of $683.00.

97. LaTrice Leeper, 60 Fox Street, one year lease with a monthly payment of $570.00.

98. Gaston Residential Services &Evelyn Vance,  601 McFarland, one year lease with a monthly payment of $615.00.

99. Roberta Matthews, 61 Fox Street, one year lease with a monthly payment of $540.00.

100. Elizabeth Morrell, 615 North Weldon Street, one year lease with a monthly payment of $550.00.

101. Clarnett Glover, 62 Fox Street, one year lease with a monthly payment of $575.00.

102. Margie Phillips, 620 North Highland Street one year lease with a monthly payment of $459.00.

103. Jacqueline Smith, 620 North Rhyne Street, one year lease with a monthly payment of $725.00.

104. Dedra Glenn, 624 Windy Hill Drive, one year lease with a monthly payment of $550.00.

105. Blondale Hughes, 625 New Castle Road, one year lease with a payment of $677.00.

106. Trista Mackins, 631 North Weldon Street, one year lease with a payment of $583.00.

107. Sheraina Lark, 654 New Castle Road, one year lease with a payment of $630.00.

108. Gwendolyn Moore, 660 New Castle Road, one year lease with a payment of $650.00.

109. Verlyn Crawford, 713 North Avon St., one year lease with a payment of $735.00.

110. Ernest &  Mary Chambers, 715 Davie Street, one year lease with a payment of $695.00.

111. Ann Foxx, 716 Davie Street, one year lease with a payment  of $599.00.

112. Keondra Curry, 716 North Chestnut St., one year lease with a payment of $725.00.

113. Brandon Myers, 719 Davie Street, one year lease with a payment of $600.00.

114. LaTea Tate, 720 Davie Street, one year lease with a payment of $520.00.

115. Latonya Payne, 721 E. Third Ave., one year lease with a payment  of $593.00.

116. Raven Arthur, 724 Chestnut Street, one year lease with a payment of $735.00.

117. Lashea Carrier & JoAnn Sloan, 726 Davidson Street, one year lease with a payment of $715.00.

118. Sheri Wilson, 732 North Chestnut St., one year lease with a payment of $775.00.

119. Marilyn Wallace, 803 Robinson Road, one year lease with a payment of $675.00.

120. Chantea & Nathaniel Ellis, 805 Avon St., one year lease with a payment of $675.00.

121. Rebecca Springer, 811 Avon Street, one year lease with a payment of $725.00.

122. Candes Moore, 817 North Avon Street, one year lease with a payment of $729.00.

123. Sabrina McNeil, 825 North Avon Street, one year lease with a payment of $ 840.00.

124. Roger Thronton, 904 Neal Hawkins Road, one year lease with a payment of $520.00.

125. Silvestre Cruz, 906 Shannon Bradley Road, one year lease with a payment of $600.00.

126. Pauline Thompson, 907 East Harrison Ave., one year lease with a payment of $567.00.

127. Grace Rhodes, 912 Shannon Bradley Road, one year lease with a payment of $600.00.

128. Theresa Hall, Goble Street Duplex, one year lease with a payment of $550.00.

129. Victoria Adams, Goble Street Duplex, one year lease with a payment of $701.00.

130. Marcia Davis, Hill Street Duplex, one year lease with a payment of $683.00.

THE PLAN OF REORGANIZATION CONTEMPLATES A REORGANIZATION OF THE DEBTORS. IN ACCORDANCE WITH THE PLAN THE DEBTORS INTENDS TO SATISFY CREDITOR CLAIMS WITH

INCOME EARNED THROUGH BUSINESS OPERATIONS AND FUNDS COLLECTED THROUGH AVOIDANCE ACTIONS.

## **II. DEFINITIONS**

1.  "BANKRUTCY CODE" shall mean the United States Bankruptcy Code, Title II of the United States Code, as enacted in 1978 and thereafter amended. References to "§"herein shall refer to a section of the Bankruptcy Code, 11 U.S.C. §101, et seq.

2. "BANKRUPTCY RULES" shall mean the Federal Rules of Bankruptcy Procedure, as
amended from time to time, as applicable to Chapter 11 cases.

3. "CLAIM" shall mean a duly listed or a timely filed claim which is allowed in order to be
paid by the Court.

4. "CLASS" shall mean any one of the Classes of Claims or Interests designated in Article
III of the Plan.

5. "CONFIRMATION DATE" shall mean the date of entry by the Court of an order
confirming the Plan at or after a hearing pursuant to 11 U.S.C. §1129.

6. "CONFIRMTION HEARING" shall mean the hearing conducted by the Court regarding
the Plan at or after a hearing pursuant to 11 U.S.C. §1129.

7.  "CONFIRMATION ORDER" shall mean the order of the Court confirming the Plan.

8. "COURT" shall mean the United States Bankruptcy Court for the Western District of
North Carolina, including the United States Bankruptcy Judge presiding in the Chapter 11 case of the Debtors.

9. "CREDITORS" shall mean all creditors of the Debtors holding claims for unsecured

debts, liabilities, demand or claims of any character whatsoever.

    10. "DEBTORS" shall mean William W. Gillespie and Jimmie C. Gillespie

    11. "DISBURSING AGENT" shall mean Robert Lewis, Jr. attorney, or that person selected
by the Court who shall perform the duties and have the rights and obligations described herein.

    12. "DISCLOSURE STATEMENT" shall mean the Disclosure Statement describing this
Plan prepared in accordance with §1125 and approved by order of the Bankruptcy Court, to be distributed to the holders o claims whose votes with respect to this Plan are to be solicited.

    13. "DISPUTED CLAIM" shall mean any claim (a) that is scheduled by the Debtors as
disputed, contingent or unliquidated, or (b) that is scheduled by the Debtors, or proof of which has been filed with the Bankruptcy Court and with respect to which a timely objection to allowance, in whole or in part, has been filed and which objections have not been (i) withdrawn or settled, or (ii) determined by a Final Order.

    14. "EFFECTIVE DATE" shall mean be that date on which the Order Confirming Plan
becomes final and non-appealable.

    15. "FINAL DECREE" shall mean the order of this Court pursuant to Bankruptcy Rule 3022
closing this case.

    16. "IMPAIRED" classes of creditors are those whose claims or interests are altered by the
Plan, or who will not receive under the Plan the allowed amount of their claims in cash as of the "Effective Date" (as defined in the Plan).

    17. "PETITION DATE" shall mean the date upon which the Debtors filed the voluntary
Chapter 11 petition, to wit, April 6, 2010.

18. "PLAN" shall mean this Plan of Reorganization in its present form or as it
     may be
amended or modified.

19. "PRIORITY CLAIM" shall mean any claim to the extent entitled to priority
     in payment
under §507.

20. "PRO-RATA" shall mean the amount of cash or property to be paid or
     distributed to a
claimant with respect to be Allowed Claim on a particular date, in accordance with
the ratio, as of such date, of the dollar amount of the Allowed Claim of such person
in the indicated class to the aggregate dollar amount of Claims in the indicated
class (including, in each such calculation, the full amount of Disputed Claims in
the class which have been asserted or are otherwise pending and which have not
yet been allowed or otherwise disposed of).

21. "SECURED CREDITORS" shall mean all creditors who hold a lien,
     security interest or
any other encumbrances which have been properly perfected as required by law
with respect to property owned by the Debtors, to the extent of the value of the
collateral.

22. 'SUBSTANTIAL    CONSUMMATION"    shall    mean    the    time    the
     Reorganized Debtors
have commenced the distribution of initial Plan payments to all creditor classes.

23. "TAX CLAIM" shall mean any claim entitled to priority in treatment
     pursuant to §507
(a)(8).

24. "GENERAL UNSECURED CLAIM" shall mean any claim, whether or not
     liquated or
contingent, other than a tax claim, administrative claim, or secured claim.


## III. CLASSIFICATION AND TREATMENT OF
## CLASSES OF CREDITORS

The Debtors classify the following classes of claims, indicating whether said class is impaired or unimpaired, and proposes the following treatment:

## A.  Class  I – Administrative Costs:

(1)   Classification.  Class I consists of claims for any cost or expense of administration pursuant to Sections 503, 506, and 507 of the Bankruptcy Code.

The following claims of professionals will be paid subject to Court approval:

Verna Carol Bash-Flower, Attorney for the Debtors; To be determined by the Court

The Lewis Law Firm, P. A., Attorney for Debtors;  To be determined by the Court

McCannon, Rogers, Driscoll & Associates L.L.P; Accountant for Debtors To be determined by the Court.

(2)   Impairment.  This class will be impaired.

(3)   Treatment.  Administrative costs and expenses approved by the Court shall be paid in cash and in full, including accruals to date of payment, within ten (10) days from the Effective Date, or as otherwise agreed by the parties.
In the event that funds are not available to pay such costs and expenses within ten days of the Effective Date, then each holder of such a claim will receive monthly payments from the Debtors' cash flow until paid in full.  Such claims remaining unpaid ten days following the Effective Date shall accrue interest at a rate of eight percent per annum.

## B.  Class II – Tax Claims:

(1)   Classification.  Class II consists of claims against the Debtors for income taxes, withholding taxes, unemployment taxes, county taxes, excise taxes and/or any and all other taxes levied or entitled to be levied against the Debtors by the Internal Revenue Service, Employment Security Commission, N.C.

Department of Revenue, and all other taxing authorities, plus interest as allowed by law. The Debtors are aware of the following claims in this class:

Internal Revenue Service          Claim       # 6    $   60,000.00(Disputed)

(2)    <u>Impairment</u>.          This class will be impaired.

(3)    <u>Treatment</u>.   The Debtors propose the following treatment:

**Cost and expenses of administration**, if any, shall be paid in cash and in full including accruals to date of payment within thirty (30) days from the Effective Date. *The Debtors do not expect any such claims to be filed.*

**Unsecured priority tax claims** described in Section 507(a)(8) of the Bankruptcy Code shall be paid the full amount of their allowed claim in regular monthly installment payments in cash or cash equivalent over a period not exceeding five (5) years from the Effective Date. In the event any claims exist in this class that have not been paid, installment payments shall commence on the 12th full month following the Effective Date, and shall include interest at three percent (3%) per annum, from the Effective Date. *The Debtors do not expect any such claims to be filed.*

**Unsecured general tax claims**, if any, will be treated in Class **XXVI** herein.

**Secured claims** shall retain their interest in property of the Debtors. The taxing authority shall retain its lien and secured status as to the underlying secured tax liability, plus accruing interest at a rate of three percent (3%) per annum from the date of the petition until it is paid in full.

## C.    <u>Class III – Ad Valorem Taxes:</u>

(1)    <u>Classification</u>.          Class III consists of taxes owed by the Debtors to any city, county, or other municipality or taxing entity entitled to tax the property of the Debtors based upon the value of the property assessed. The Debtors are aware of the following claim in this class:

| | | |
|---|---|---|
| Gastonia County Tax Office | Claim # 75 | $29,047.71 |
| Gastonia County Tax Office | | $64,543.57 |
| | TOTAL | $93,591.28 |

(2)     Impairment. This class will be impaired.

(3)     Treatment.   The Debtors propose to pay claims in this class with monthly payments for over a period of five (5) years from the effective date. Monthly payments shall commence on the fifteenth day of the first full month following the Effective Date, and shall include interest at a rate of three (3%) percent per annum. For feasibility purposes, the Debtor estimates that monthly payments will be $1,681.71.

## D.   Class IV– Alliance Bank:

(1)     Classification.          Class IV consist of eight obligations with Alliance Bank more particularly described as follows:

(a)       Upon information and belief on or about November 15, 2008 the Debtors entered into a Promissory Note with Alliance Bank ("Alliance") in the original principal amount of $31,624.00. ("Alliance Note # 1") The Alliance Note # 1 was secured by a Real Estate Deed of Trust (with Future Advance Clause) dated September 23, 2005, taking an Assignment of Leases and Rents as well as a security interest in among other things, rents, issues and profits, and all proceeds thereof in any form. The Deed of Trust is secured by real property located at 508 E. Robinson Street Gastonia, North Carolina. Alliance filed proof of claim # 35 in the amount of $28,468.34.

(b) Upon information and belief, on or about October 28, 2005, the Debtors entered into a Promissory Note with Alliance Bank in the original principal amount of $56,000.00. ("Alliance Note # 2") The Alliance Note # 2 was secured by a North Carolina Deed of Trust, taking an Assignment of Rents and Profits as well as a security interest in among other things, such as rents and profits and all proceeds thereof in any form. The Deed of Trust is secured by real property located at 310 Robinson Clemmer Road, Gastonia, North Carolina. Alliance filed proof of claim # 36 in the amount of $48,509.91.

(c) Upon information and belief, on or about February 18, 2005, the Debtors entered into a Promissory Note with Alliance Bank in the original principal amount

of $67,500.00. ("Alliance Note #3") The Alliance Note # 3 was secured by a Real Estate Deed of Trust, (With Future Advance Clause) taking an Assignment of Leases and Rents as well as a security interest in among other things, rents, issues and profits, and all proceeds thereof in any form. The Deed of Trust is secured by property located at 1003 East Harrison Avenue, Gastonia, North Carolina. Alliance filed proof of claim #32 in the amount of $42,145.79.

(d)  Upon information and belief, on or about January 5, 2005, the Debtors entered into a Promissory Note with Alliance Bank in the original principal amount of $48,000.00. ("Alliance Note # 4") The Alliance Note # 4 was secured by a Real Estate Deed of Trust, (With Future Advance Clause) taking a security interest in property located at 61 Fox Street, Gastonia, North Carolina. Alliance filed proof of claim # 31 in the amount of $43,123.33.

(e)  Upon information and belief, on or about October 18, 2005, the Debtors entered into a Promissory Note with Alliance Bank in the original principal amount of $52,000.00. ("Alliance Note # 5") The Alliance Note # 5 was secured by a North Carolina Deed of Trust, taking an Assignment of Rents and Profits as well as a security interest in among other things, rents and profits, and all proceeds thereof in any form. The Deed of Trust is secured by property located at 631N. Weldon Street, Gastonia, North Carolina. Alliance filed proof of claim # 34 in the amount of $44,747.83

(f)  Upon information and belief, on or about February 16, 2005, the Debtors entered into a Promissory Note with Alliance Bank in the original principal amount of $49,060.00. ("Alliance Note # 6") The Alliance Note # 6 was secured by a Real Estate Deed of Trust (With Future Advance Clause) taking an Assignment of Leases and Rents as well as a security interest in among other things, rents, issues and profits, , and all proceeds thereof in any form. The Deed of Trust is secured by property located at 306 Midway, Gastonia, North Carolina. Alliance filed proof of claim # 33 in the amount of $43,096.90.

(g)  Upon information and belief, on or about December 9, 2004 the Debtors entered into a Promissory Note and Real Estate Deed of Trust (With Future Advance Clause), with Alliance Bank in the original principal amount of $52,000.00. ("Alliance Note # 7") The Alliance Note # 7 was secured by a Real Estate Deed of Trust (With Future Advance Clause). The Deed of Trust is secured by property located at 2143 Hartford Drive, Gastonia, North Carolina. Alliance filed proof of claim # 30 in the amount of $47,240.76.

(h)  Upon information and belief, on or about September 21, 2004, the Debtors entered into a Promissory Note and Real Estate Deed of Trust (With Future Advance Clause), with Alliance Bank in the original principal amount of $149,000.00. ("Alliance Note # 8") The Alliance Note # 8 was secured by a Real Estate Deed of Trust (With Future Advance Clause). The Deed of Trust is secured by property located at 108 Light House Church Lane Gastonia, North Carolina. Alliance filed proof of claim # 40 in the amount of $123,322.93.

(2)    Impairment. This class will be impaired.

(3)    Treatment.

(a)  Note #1.    This obligation shall be treated as a fully secured obligation of the Debtors in an amount equal to the lesser of: (1) the value of the property which secured the debt; or (2) (a) all outstanding principal and interest due on the petition date; plus (b) any, interest, costs and expenses approved by the Court pursuant to Section 506(b); less (c) any post-petition payments. For feasibility purposes, the Debtors estimate this claim to be the sum of $28,282.54. The Debtors propose to pay the loan in 120 payments. The Debtors will make 119 payments of $145.00 commencing on the first day of the first full month following the Effective Date. The Debtors will make a single "balloon payment" of the entire unpaid balance of Principal and interest which will be due on the 120th full month following the Effective Date.  Interest will accrue on the unpaid Principal balance of the loan at the rate of five (5.000) percent. Alliance shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its claim is paid in full.

(b) Note # 2.    This obligation shall be treated as a secured obligation of the Debtors in an amount equal to the lesser of: (1) the value of the property which secured the debt; or (2) (a) all outstanding principal and interest due on the petition date; plus (b) any, interest, costs and expenses approved by the Court pursuant to Section 506(b); less (c) any post-petition payments. For feasibility purposes, the Debtors estimate this claim to be the sum of $46,775.75 The Debtors propose to pay the loan in 120 payments. The Debtors will make 119 payments of $255.00 commencing on the first day of the first full month following the effective date. The Debtors will make a single "balloon payment" of the entire unpaid balance of Principal and interest which will be due on the 120th full month following the Effective Date.  Interest will accrue on the unpaid Principal balance of the loan at the rate of five (5.000) percent. Alliance shall retain its lien with the priority

thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its claim is paid in full.

(c) Note # 3.    This obligation shall be treated as a secured obligation of the Debtors in an amount equal to the lesser of: (1) the value of the property which secured the debt; or (2) (a) all outstanding principal and interest due on the petition date; plus (b) any, interest, costs and expenses approved by the Court pursuant to Section 506(b); less (c) any post-petition payments. For feasibility purposes, the Debtors estimate this claim to be the sum of $40,767.98 The Debtors propose to pay the loan in 120 payments. The Debtors will make 119 payments of $220.00 commencing on the first full month following the effective date. The Debtors will make a single "balloon payment" of the entire unpaid balance of Principal and interest which will be due on the 120th full month following the Effective Date. Interest will accrue on the unpaid Principal balance of the loan at the rate of five (5.000) percent. Alliance shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its claim is paid in full.

(d)      Note # 4.    This obligation shall be treated as a secured obligation of the Debtors in an amount equal to the lesser of: (1) the value of the property which secured the debt; or (2) (a) all outstanding principal and interest due on the petition date; plus (b) any, interest, costs and expenses approved by the Court pursuant to Section 506(b); less (c) any post-petition payments. For feasibility purposes, the Debtors estimate this claim to be the sum of $40,253.02. The Debtors propose to pay the loan in 120 payments. The Debtors will make 119 payments of $220.00 commencing on the first day of the first full month following the Effective Date. The Debtors will make a single "balloon payment" of the entire unpaid balance of Principal and interest which will be due on the 120th full month following the Effective Date.  Interest will accrue on the unpaid Principal balance of the loan at the rate of five (5.000) percent. Alliance shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its claim is paid in full.

(e)      Note # 5.    This obligation shall be treated as a secured obligation of the Debtors in an amount equal to the lesser of: (1) the value of the property which secured the debt; or (2) (a) all outstanding principal and interest due on the petition date; plus (b) any, interest, costs and expenses approved by the Court pursuant to Section 506(b); less (c) any post-petition payments. For feasibility purposes, the Debtors estimate this claim to be the sum of $43,217.59. The Debtors propose to pay the loan in 120 payments. The Debtors will make 119 payments of 235.00

commencing on the first day of the first full month following the Effective Date. The Debtors will make a single "balloon payment" of the entire unpaid balance of Principal and interest which will be due on the 120th full month following the Effective Date.  Interest will accrue on the unpaid Principal balance of the loan at the rate of five (5.000) percent. Alliance shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its claim is paid in full.

(f) Note # 6.    This obligation shall be treated as a secured obligation of the Debtors in an amount equal to the lesser of: (1) the value of the property which secured the debt; or (2) (a) all outstanding principal and interest due on the petition date; plus (b) any, interest, costs and expenses approved by the Court pursuant to Section 506(b); less (c) any post-petition payments. For feasibility purposes, the Debtors estimate this claim to be the sum of $41,671.59. The Debtors propose to pay the loan in 120 payments. The Debtors will make 119 payments of $225.00 commencing on the first day of the first full month following the Effective Date. The Debtors will make a single "balloon payment" of the entire unpaid balance of Principal and interest which will be due on the 120th full month following the Effective Date.  Interest will accrue on the unpaid Principal balance of the loan at the rate of five (5.000) percent. Alliance shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its claim is paid in full.

(g) Note # 7.    This obligation shall be treated as a secured obligation of the Debtors in an amount equal to the lesser of: (1) the value of the property which secured the debt; or (2) (a) all outstanding principal and interest due on the petition date; plus (b) any, interest, costs and expenses approved by the Court pursuant to Section 506(b); less (c) any post-petition payments. For feasibility purposes, the Debtors estimate this claim to be the sum of $44,371.30. The Debtors propose to pay the loan in 120 payments. The Debtors will make 119 payments of 240.00 commencing on the first day of the first full month following the Effective Date. The Debtors will make a single "balloon payment" of the entire unpaid balance of Principal and interest which will be due on the 120th full month following the Effective Date.  Interest will accrue on the unpaid Principal balance of the loan at the rate of five (5.000) percent. Alliance shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its claim is paid in full.

(h) Note # 8.    This obligation is unimpaired, as such, it is fully secured and will be paid in full pursuant to the original contractual agreement.

### E.    Class V – American Home Mortgage Servicing, Inc. ("AHM"):

1)    Classification.    Class V consists of ten obligations with AHM more particularly described as follows:

(a) Upon information and belief on or about September 17, 2003, the Debtors entered into a Promissory Note with Option One Mortgage Corporation which was transferred and assigned to HSBC Bank USA, National Association, as Trustee for ACE Securities Corp in the original principal amount of $69,600.00. ("Note#1") Note # 1 was secured by a Deed of Trust, taking an Assignment of Rents as well as a security interest in among other things, rents, and all proceeds thereof in any form. The Deed of Trust is secured by property located at 2348 Edwin Street, Gastonia, North Carolina. The Debtors estimate AHM's claim to be $75,825.94

(b) Upon information and belief on or about September 18, 2003, the Debtors entered into a Promissory Note with Option One Mortgage Corporation in the original principal amount of $69,600.00 ("Note#2").  Note # 2 was secured by a Deed of Trust and Security Agreement, taking an Assignment of Rents as well as a security interest in among other things, rents, profits and all proceeds thereof in any form. Said Note and Deed of Trust have been transferred and assigned to HSBC Bank USA, National Association, as Trustee for ACE Securities Corp. Home Equity Loan Trust, Series 2003-OP1, Asset Backed Pass-Through Certificates. The Deed of Trust is secured by property located at 2354 Edwin Street, Gastonia, North Carolina. The Debtors estimate AHM's claim to be $75,157.01.

(c) Upon information and belief on or about October 15, 2004, the Debtors entered into a Promissory Note with American Home Mortgage Servicing, Inc., ("American Home") in the original principal amount of $95,139.00. ("Note # 3") Note #3 was secured by a Deed of Trust and Security Agreement, taking an Assignment of Rents as well as a security interest in among other things, rents, profits and all proceeds thereof in any form. The Deed of Trust is secured by property located at 2534 Myers Street, Gastonia, North Carolina.  Said Note and Deed of Trust have been transferred and assigned to the Bank of New York Mellon

Corporation, as indenture Trustee for American Home Mortgage Investment Trust 2004-4. American Home filed proof of claim # 62 in the amount of $72,929.48

(d) Upon information and belief on or about October 18, 2004, the Debtors entered into a Promissory Note with American Home in the original principal amount of $71,200.00 ("Note#4"). Note #4 was secured by a Deed of Trust and Security Agreement, taking an Assignment of Rents as well as a security interest in among other things, rents, profits and all proceeds thereof in any form. Note # 4 was transferred to The Bank of New York Mellon Corporation, as Indenture Trustee for American Home Mortgage Investment Trust 2004-4 by and through American Home Mortgage Services, Inc. Said Deed of Trust is secured by property located at 2538 Myers Street, Gastonia, North Carolina. American Home filed proof of claim # 64 in the amount of $77,866.97.

(e) Upon information and belief on or April 18, 2005, the Debtors entered into a Promissory Note with American Home in the original principal amount of $54,400.00, ("Note#5") Note #5 was secured by a Deed of Trust and Security Agreement, taking an Assignment of Rents as well as a security interest in among other things, rents, profits and all proceeds thereof in any form. Note # 5 was transferred to Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2005-2 by and through American Home Mortgage Servicing, Inc. The Deed of Trust is secured by property located at 60 Fox Street, Gastonia, North Carolina. American Home filed proof of claim # 63 in the amount of $77,619.56

(f) Upon information and belief on or about December 4, 2004, the Debtors entered into a Promissory Note with American Home Mortgage in the original principal amount of $62,250.00. ("Note#6") Note #6 was secured by a Deed of Trust and Security Agreement, taking an Assignment of Rents as well as a security interest in among other things, rents, profits and all proceeds thereof in any form. The Deed of Trust is secured by property located at 62 Fox Street, Gastonia, North Carolina. Deutsche Bank National trust filed proof of claim # 68 on behalf of American Home Mortgage Servicing in the amount of $55,720.91.

(g) Upon information and belief on or about October 15, 2004, the Debtors entered into a Promissory Note with American Home Mortgage in the original principal amount of $69,750.00. ("Note#7") Note # 7 was secured by a Deed of Trust with a security interest in property located at 825 N. Avon Street, Gastonia,

North Carolina. The Debtors signed a rider to the Deed of Trust granting American Home Mortgage Servicing, Inc., a lien on the rental proceeds derived from the real property. Said Note and Deed of Trust have been transferred and assigned to The Bank of Mellon Corporation, as Indenture Trustee for American Home Mortgage Investment Trust 2004-4. Debtors value AHM's claim at $76,376.87

(h)  Upon information and belief on or about October 18, 2004, the Debtors entered into a Note with American Home Mortgage, in the original principal amount of $71,200.00 ("Note # 8"). Note #8 was transferred to The Bank of New York Mellon Corporation, as Indenture Trustee for American Home Mortgage Investment Trust 2004-4 by and through American Home Mortgage Services, Inc. Note # 8 was secured by a Deed of Trust/Security Instrument, with a security interest in property located at 2619 Goble Street, Gastonia, North Carolina. The Debtors estimate AHM's claim to be $67,912.72.

(i)  Upon information and belief on or about October 18, 2004, the Debtors entered into a Promissory Note with Option One Mortgage Corporation in the original principal amount of $111,350.00. ("Note # 9") Note #9 was secured by a Deed of Trust/Security Instrument, with a security interest in property located at 2700 Goble A&B, Gastonia, North Carolina. Said Note and Deed of Trust have been transferred and assigned to Wells Fargo Bank, N.A., as Trustee for Asset Backed Securities Corporation Home Equity Loan Trust 2004-4HE3, Asset Backed Passed-Through Certificates, Series 2004-HE3. Debtors estimate AHM's claim to be $118,903.24

(j)  Upon information and belief on or about April 18, 2005, the Debtors entered into a Promissory Note the original principal amount of $48,000.00 with Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2005-2 by and through American Home Mortgage Servicing, Inc. secured by the Deed of Trust. ("Note #10") Note #10 was secured by a Deed of Trust, with a security interest in property located at 206 Winget Circle, Gastonia, North Carolina. American Home filed proof of claim # 65 in the amount of $52,616.57

(2)     Impairment. This class will be impaired.

(3)     Treatment:  The Debtors propose the following treatment:

(a) Note # 1.    The tax value of the property is $80,781.00. The Plan shall value the property at $80,781.00. AHM's claim shall be treated as fully secured. AHM's attorney's fees and costs of $1,164.00 shall be added to the payoff of the loan. AHM shall modify the loan to a fixed interest rate of five percent (5%) with principal and interest payments of $488.42. The loan shall mature on October 1, 2033. The monthly payments including principal and interest and escrow are estimated to be approximately $596.23. The Debtors shall make monthly payments of $596.23 beginning on the first of the month following confirmation and monthly thereafter until the loan is paid in full. Except as specifically stated in the confirmation order, all other terms of the Note and Deed of Trust shall control.

(b) Note # 2.    The tax value of the property is $80,781.00. The Plan shall value the property at $80,781.00.  AHM's claim shall be treated as fully secured. AHM's attorney's fees and costs of $950.00 shall be added to the payoff of the loan. AHM shall modify the loan to a fixed interest rate of five percent (5%) with principal and interest payments of $488.42. The loan shall mature on October 1, 2033. The monthly payments including principal and interest and escrow are estimated to be approximately $596.23. The Debtors shall make monthly payments of $596.23 beginning on the first of the month following confirmation and monthly thereafter until the loan is paid in full. Except as specifically stated in the confirmation order, all other terms of the Note and Deed of Trust shall control.

(c) Note # 3.    The tax value of the property is $95,139.00. The Plan shall value the property at $95,139.00.  AHM's claim shall be treated as fully secured. AHM's attorney's fees and costs of $1,250.00 shall be added to the payoff of the loan. AHM shall modify the loan to a fixed interest rate of five percent (5%) with principal and interest payments of $510.73. The loan shall mature on October 1, 2033. The monthly payments including principal and interest and escrow are estimated to be approximately $597.46. The Debtors shall make monthly payments of $597.46 beginning on the first of the month following confirmation and monthly thereafter until the loan is paid in full. Except as specifically stated in the confirmation order, all other terms of the Note and Deed of Trust shall control.

(d) Note # 4.    This obligation shall be treated as a fully secured obligation of the Debtors in an amount equal to the lesser of: (1) the value of the property which secured the debt; or (2) (a) all outstanding principal and interest due on the petition date; plus (b) any, interest, costs and expenses approved by the Court pursuant to Section 506(b); less (c) any post-petition payments. For feasibility purposes, the Debtors value the property at $40,500.00. The Debtors propose to amortize Note #

4 over a thirty (30) year period with interest accruing at a rate of four percent (4%) per annum. AHM shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its claim is paid in full. . The Debtors shall make monthly payments of $193.35 beginning on the first of the month following confirmation and monthly thereafter until the claim is paid in full. The balance of AHM's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(e) Note # 5.     This obligation shall be treated as a fully secured obligation of the Debtors in an amount equal to the lesser of: (1) the value of the property which secured the debt; or (2) (a) all outstanding principal and interest due on the petition date; plus (b) any, interest, costs and expenses approved by the Court pursuant to Section 506(b); less (c) any post-petition payments. For feasibility purposes, the Debtors value the property at $33,500.00. The Debtors propose to amortize Note # 5 over a thirty (30) year period with interest accruing at a rate of four percent (4%) per annum. AHM shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its claim is paid in full. The Debtors shall make monthly payments of $159.93 beginning on the first of the month following confirmation and monthly thereafter until the claim is paid in full. The balance of AHM's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(f) Note # 6.     This obligation shall be treated as a fully secured obligation of the Debtors in an amount equal to the lesser of: (1) the value of the property which secured the debt; or (2) (a) all outstanding principal and interest due on the petition date; plus (b) any, interest, costs and expenses approved by the Court pursuant to Section 506(b); less (c) any post-petition payments. For feasibility purposes, the Debtors value the property at $33,500.00. The Debtors propose to amortize Note # 6 over a thirty (30) year period with interest accruing at a rate of four percent (4%) per annum. AHM shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its claim is paid in full. The Debtors shall make monthly payments of $159.93 beginning on the first of the month following confirmation and monthly thereafter until the claim is paid in full. The balance of AHM's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(g) Note # 7.     The tax value of the property is $95,017.00. The Plan shall value the property at $95,017.00.  AHM's claim shall be treated as fully secured. AHM's attorney's fees and costs of $1,250.00 shall be added to the payoff of the loan. AHM shall modify the loan to a fixed interest rate of five percent (5%) with

principal and interest payments of $510.07 over a new thirty (30) year period. The monthly payments including principal and interest and escrow are estimated to be approximately $628.63. The Debtors shall make monthly payments of $628.63 beginning on the first of the month following confirmation and monthly thereafter until the loan is paid in full. Except as specifically stated in this confirmation order, all other terms of the Note and Deed of Trust shall control.

(h) Note # 8.    This obligation shall be treated as a fully secured obligation of the Debtors in an amount equal to the lesser of: (1) the value of the property which secured the debt; or (2) (a) all outstanding principal and interest due on the petition date; plus (b) any, interest, costs and expenses approved by the Court pursuant to Section 506(b); less (c) any post-petition payments. For feasibility purposes, the Debtors value the property at $42,000.00. The Debtors propose to amortize Note # 8 over a thirty (30) year period with interest accruing at a rate of four percent (4%) per annum. AHM shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its claim is paid in full. The Debtors shall make monthly payments of $200.51 beginning on the first of the month following confirmation and monthly thereafter until the claim is paid in full. The balance of AHM's claim shall be treated as a general unsecured claim in Class XXVI as described below.


(i) Note # 9.    The tax value of the property is $116,784.00. AHM's claim shall be bifurcated. AHM shall have an allowed secured claim in the amount of $116,784.00 upon the entry of the confirmation order. The remaining balance of AHM's claim shall be treated as unsecured. Plan shall value the property at $116,784.00.  AHM's claim shall be treated as fully secured. AHM's attorney's fees and costs of $1,000.00 are approved. AHM shall modify the loan to a fixed interest rate of five percent (5%) with principal and interest payments of $699.61. The loan shall mature on March 1, 2024. The monthly payments including principal and interest and escrow are estimated to be approximately $826.00. The Debtors shall make monthly payments of $826.00 beginning on the first of the month following confirmation and monthly thereafter until the loan is paid in full. Except as specifically stated in this confirmation order, all other terms of the Note and Deed of Trust shall control.

J) Note # 10.    This obligation shall be treated as a fully secured obligation of the Debtors in an amount equal to the lesser of: (1) the value of the property which secured the debt; or (2) (a) all outstanding principal and interest due on the petition date; plus (b) any, interest, costs and expenses approved by the Court pursuant to

Section 506(b); less (c) any post-petition payments. For feasibility purposes, the Debtors value the property at $39,000.00. The Debtors propose to amortize Note # 10 over a thirty (30) year period with interest accruing at a rate of four percent (4%) per annum. AHM shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its claim is paid in full. The Debtors shall make monthly payments of $186.19 beginning on the first of the month following confirmation and monthly thereafter until the claim is paid in full. The balance of AHM's claim shall be treated as a general unsecured claim in Class XXVI as described below.

## F.   <u>Class VI – BAC:</u>

1. Classifications:     Class VI consists of four obligations with BAC more particularly described as follows:

(a)  Upon information and belief on or about November 30, 1999, the Debtors entered into a Deed of Trust and Security Instrument with America's Wholesale Lender in the original principal amount of $67,200.00. ("Note#1") Note # 1 was transferred to BAC Home Loan Servicing, LP fka Countrywide Home Loan ("BAC"). Note # 1 was secured by a Deed of Trust, taking a security interest in rents and profits, or proceeds paid thereof. The Deed of Trust is secured by property located at 620 Highland Street, Gastonia, North Carolina.  BAC filed proof of claim # 69 in the amount of $40,421.14.

(b) Upon information and belief on or about November 30,1999, the Debtors entered into a Deed of Trust and Security Instrument with America's Wholesale Lender in the original principal amount of $45,750.00 ("Note#2") Note # 2 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. Said Note was transferred to BAC. The Deed of Trust is secured by property located at 1112 West Davidson Street, Gastonia, North Carolina. BAC filed proof of claim # 29 in the amount of $42,576.26.

(c) Upon information and belief on or about November 30,1999, the Debtors entered into a Deed of Trust and Security Instrument with RBC Mortgage Company in the original principal amount of $56,250.00 ("Note#3") Note # 3 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. Said Note was transferred to BAC. The Deed of Trust is secured by property located at 1114 North Davidson Street, Gastonia, North Carolina. BAC filed proof of claim # 28 in the amount of $41,369.94

.

(d)      Upon information and belief on or about August 17, 2004, the Debtors entered into a Deed of Trust and Security Instrument with RBC Mortgage Company in the original principal amount of $67,200.00. ("Note#4") Note # 4 was transferred to BAC. Note # 2 was secured by a Deed of Trust, taking a security interest in rents and profits, or proceeds paid thereof. The Deed of Trust is secured by property located at 715 Davie Street, Gastonia, North Carolina.  BAC filed proof of claim # 26 in the amount of $70,806.12.

(2)      <u>Impairment</u>. This class will be impaired.

(3)      <u>Treatment</u>.   The Debtors propose the following treatment:

(a) Note # 1. BAC's claim shall be treated as partially secured in an amount equal to the value of the collateral. Wells Fargo shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall pay monthly payments to BAC, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $30,000.00. Monthly payments shall be in the amount of $143.22 beginning on the fifteenth day of the first full month following the Effective Date. The balance of BAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(b) Note # 2. BAC's claim shall be treated as partially secured in an amount equal to the value of the collateral. BAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall pay monthly payments to BAC, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $33,000.00. Monthly payments shall be in the amount of $157.75 beginning on the fifteenth day of the first full month following the Effective Date. The balance of BAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(c) Note # 3. BAC's claim shall be treated as partially secured in an amount equal to the value of the collateral. BAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall

32

pay monthly payments to BAC, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $33,000.00 Monthly payments shall be in the amount of $197.51 beginning on the fifteenth day of the first full month following the Effective Date. The balance of BAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(d) Note # 4.BAC's claim shall be treated as partially secured in an amount equal to the value of the collateral. BAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall pay monthly payments to BAC, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the amount of $251.00 beginning on the fifteenth day of the first full month following the Effective Date. The balance of BAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

## G.    Class  VII – Brown Bark III, L.P.:

(1)    <u>Classification</u>.      Class VII consists of the following secured claim:

(a)  Upon information and belief on or about May 18, 2007, the male Debtor entered into a Promissory Note and Deed of Trust with Wachovia Bank, National Association ("Wachovia") in the original principal amount of $40,000.00 ("Note # 1") Note # 1 was assigned on September 11, 2008, by Wachovia, successor by merger to SouthTrust Bank, to Brown Bark III, L.P. On or about January 15, 2009, a judgment was entered against the male-Debtor in the amount of $34,129.46 with interest at 8.0 % per annum.

(2)    <u>Impairment</u>. This class will be impaired.

(3)    <u>Treatment</u>. This obligation shall be treated as an unsecured obligation of the male Debtor and shall be treated as a general unsecured claim in Class XXVI as described below

## H.    Class VIII - <u>ROBERT  BROWN :</u>

(1)    <u>Classification</u>.      Class VIII consists of the following secured claim:

(a)  Upon information and belief on or about May 18, 2007, the male Debtor entered into a Promissory Note and Deed of Trust with Wachovia Bank, National Association ("Wachovia") in the original principal amount of $40,000.00 ("Note # 1") Note # 1 was assigned by Wachovia to Robert Brown.

(2)    Impairment. This class will be impaired.

(3)    Treatment.  This obligation shall be treated as a secured obligation of the male Debtor. Robert Brown shall retain its lien pursuant to Section 1129(b)(2)(A)(i)(1) of the Bankruptcy Code until such obligation is paid in full. The male Debtors propose to amortize this obligation over a thirty (30) year period, with interest accruing at a rate of four percent (4) percent per annum. Monthly payments shall commence on the 15th day of the first full month following the Effective Date. For feasibility purposes, the male Debtor estimates that monthly payments shall be in the amount of $162.94

## I.    **Class IX – Capital Bank:**

(1)    Classification.    Class IX consists of the following four secured

claims:

(a)  Upon information and belief on or about January 30, 2004, the Debtors entered into a Promissory Note and Deed of Trust with Spring Mortgage Corporation in the original principal amount of $510.000.00 ("Note#1") Note # 1 was secured by a Deed of Trust, taking a security interest in rents and profits,  and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to Capital Mortgage Services of Texas ("Capital"). The Deed of Trust is secured by the following properties: 1816 Street Middle, 1820 Middle Street, 1824 Middle Street, 1828 Middle Street, 1832 Middle Street, 1836 Middle Street, 1840 Middle Street and 1844 Middle Street, all located in Gastonia, North Carolina. The Debtors estimate Capital's claim to be $516,877.12.

(b)  Upon information and belief on or about September 27, 2000, the Debtors entered into a Promissory Note and Deed of Trust with Spring Mortgage Corporation in the original principal amount of $136,875.00 ("Note#2") Note # 2 was secured by a Deed of Trust, taking a security interest in rents and profits,  and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to Capital Mortgage Services of Texas ("Capital"). The Deed of Trust is secured by

the following properties: 2000 Foxworth Lane, 2218 Lyon Street, and 3033 Crawford Street, all located in Gastonia, North Carolina. The Debtors estimate Capital's claim to be $127,319.30
.

(c) Upon information and belief on or about September 27, 2000, the Debtors entered into a Promissory Note and Deed of Trust with Spring Mortgage Corporation in the original principal amount of $136,875.00 ("Note#3") Note # 3 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to Capital Mortgage Services of Texas ("Capital"). The Deed of Trust is secured by the following properties: 108 Briarwood Drive, 1033 Park View Drive, and 308 Robinson Clemmer Street, all located in Gastonia, North Carolina. The Debtors estimate Capital's claim to be $138,372.33

(d) Upon information and belief on or about June 6, 2000, the Debtors entered into a Promissory Note and Deed of Trust with Spring Mortgage Corporation in the original principal amount of $134,250.00 ("Note#4") Note # 4 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to Capital Mortgage Services of Texas ("Capital"). The Deed of Trust is secured by the following properties: 2833 Crawford Avenue and 3039 Crawford Avenue, all located in Gastonia, North Carolina. The Debtors estimate Capital's claim to be $74,708.04

(2)    <u>Impairment</u>. This class will be impaired.

(3)    <u>Treatment</u>.   The Debtors propose the following treatment:

(a) Capital shall be treated as partially secured in an amount equal to the value of the collateral. Capital shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Capital, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $336,000.00, based on the following appraisal values: (i) 1816 Street Middle, $42,000.00; (ii) 1820 Middle Street, $42,00.00; and (iii) 1824 Middle Street, $42,000.00; (iv) 1828 Middle Street, $42,000.00; (v) 1832 Middle Street, $42,000.00; (vi) 1836 Middle Street, $42,000.00; (vii) 1840 Middle Street, $42,000.00;  and (viii) 1844 Middle Street, $42,000.00.  Monthly payments

shall be in the amount of $1604.12; beginning on the fifteenth day of the first full month following the Effective Date. The balance of Capital's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(b) Capital shall be treated as partially secured in an amount equal to the value of the collateral. Capital shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Capital, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $85,800.00, based on the following appraisal values: (i) 2000 Foxworth $32,000.00; (ii) 2218 Lyon Street $25,800.00; and (iii) 3033 Crawford Street $28,000.00  Monthly payments shall be in the amount of $409.62 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Capital's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(c) Capital shall be treated as partially secured in an amount equal to the value of the collateral. Capital shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Capital, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $130,500.00 based on the following appraisal values (i) 1008 Briarwood Drive, $44,500.00; (ii) 1033 Park View Drive, $39,000.00; and (iii) 08 Robinson Clemmer Street, $44,500.00; all located in Gastonia, North Carolina Monthly payments shall be in the amount of $623.03 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Capital's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(d) Capital shall be treated as partially secured in an amount equal to the value of the collateral. Capital shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Capital, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $57,000.00. Monthly payments shall be in the amount of $272.13 beginning on the fifteenth day of the first full month following

the Effective Date. The balance of Capital's claim shall be treated as a general unsecured claim in Class XXVI as described below

**J.**     **Class X – Carolina Trust Bank:**

(1)    <u>Classification</u>.    Class X consists of the following four secured claims:

(a)    Upon information and belief on or about November 15, 2006, the Debtors entered into a Promissory Note and Deed of Trust with Carolina Commerce Bank in the original principal amount of $67,500.00 ("Note#1") Note # 1 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to Carolina Trust Bank ("CTB"). The Deed of Trust is secured by property located at 811 N Avon, Gastonia, North Carolina. The Debtors estimate CTB's claim to be $59,342.12.

(b)    Upon information and belief on or about March 17, 2005, the Debtors entered into a Promissory Note and Deed of Trust with Carolina Commerce Bank in the original principal amount of $37,800.00 ("Note#2") Note # 2 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to CTB. The Deed of Trust is secured by property located at 907 East Harrison, Gastonia, North Carolina. The Debtors estimate CTB's claim to be $29,665.73.

(c)    Upon information and belief on or about August 1, 2006, the Debtors entered into a Promissory Note and Deed of Trust with Carolina Trust Bank in the original principal amount of $54,000.00 ("Note # 3") Note # 3 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. The Deed of Trust is secured by property located at 417 N. Broad, Gastonia, North Carolina. The Debtors estimate CTB's claim to be $42,735.26.

(d)    Upon information and belief on or about March 24, 2008, the Debtors entered into a Promissory Note and Deed of Trust with Carolina Trust Bank in the original principal amount of $19,016.08 ("Note # 4") Note # 4 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. The Deed of Trust is secured by property located at 1854

Middle Street, Gastonia, North Carolina. The Debtors estimate CTB's claim to be $15,811.93

(2)    Impairment. This class will be impaired.

(3)    Treatment.   The Debtors propose the following treatment:

(a) Note # 1.      CTB shall be treated as partially secured in an amount equal to the value of the collateral. CTB shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to CTB, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. Pursuant to CTB's appraised values as set forth in their pleadings the Debtors estimate this claim to be $46,700.00. Monthly payments shall be in the amount of $222.95 beginning on the fifteenth day of the first full month following the Effective Date. The balance of CTB's claim shall be treated as a general unsecured claim in Class XXVII as described below.

(b) Note # 2.      CTB shall be treated as partially secured in an amount equal to the value of the collateral. CTB shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to CTB, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. Pursuant to CTB's appraised values as set forth in their pleadings the Debtors estimate this claim to be $29,665.73. Monthly payments shall be in the amount of $141.63 beginning on the fifteenth day of the first full month following the Effective Date.

(c) Note # 3.      CTB shall be treated as partially secured in an amount equal to the value of the collateral. CTB shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to CTB, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. Pursuant to CTB's appraised values as set forth in their pleadings the Debtors estimate this claim to be $42,735.26. Monthly payments shall be in the amount of $204.02 beginning on the fifteenth day of the first full month following the Effective Date.

(d) Note # 4.       CTB shall be treated as partially secured in an amount equal to the value of the collateral. CTB shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to CTB, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. Pursuant to CTB's appraised values as set forth in their pleadings the Debtors estimate this claim to be $5000.00. Monthly payments shall be in the amount of $23.87 beginning on the fifteenth day of the first full month following the Effective Date. The balance of CTB's claim shall be treated as a general unsecured claim in Class XXVI as described below.

## K.   <u>Class XI – CHASE:</u>

(1)   <u>Classification</u>.  Class XI consists of seventeen obligations to Chase

more particularly described as follows:

(a)   Upon information and belief on or about November 12, 2004, the Debtors entered into a Promissory Note with Long Beach Mortgage Corporation in the original principal amount of $65,700.00 ("Note#1") Note # 1 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to JP Morgan Chase Bank, National Association ("Chase"). The Deed of Trust is secured by property located 817 North Avon Street, Gastonia, North Carolina. Chase filed proof of claim # 51 in the amount of $72,850.37.

(b) Upon information and belief on or about June 17, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $44,000.00 ("Note#2") Note # 2 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 716 Davie Street, Gastonia, North Carolina. Chase filed proof of claim # 43 in the amount of $44,145.25.

(c) Upon information and belief on or about June 16, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $44,000.00 ("Note#3") Note # 3 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property

located at 720 Davie Street, Gastonia, North Carolina. Chase filed proof of claim # 52 in the amount of $49,069.42.

(d) Upon information and belief on or about March 9, 2004, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $45,750.00 ("Note#4") Note # 4 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 2137 Hartford Drive, Gastonia, North Carolina. Chase filed proof of claim # 54 in the amount of $50,111.99.

(e) Upon information and belief on or about February 4, 2004, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of45,750.00 ("Note # 5") Note # 5 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 2149 Hartford Drive, Gastonia, North Carolina. Chase filed proof of claim # 45 in the amount of $49,434.11.

(f) Upon information and belief on or about November 8, 2004, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $106,4000.00 ("Note # 6") Note # 6 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 210 Hill Street Unit A, Gastonia, North Carolina. Chase filed proof of claim # 48 in the amount of $115,721.25.

(g) Upon information and belief on or about June 17, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $42,500.00 ("Note # 7") Note # 7 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 2319 Knight Drive, Gastonia, North Carolina. Chase filed proof of claim # 46 in the amount of $45,007.40.

(h) Upon information and belief on or about June 18, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $44,000.00 ("Note # 8") Note # 8 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property

located at 1817 Middle Street, Gastonia, North Carolina. Chase filed proof of claim # 60 in the amount of $46,294.54.

(i) Upon information and belief on or about June 17, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $44,000.00 ("Note # 9") Note # 9 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 1823 Middle Street, Gastonia, North Carolina. Chase filed proof of claim # 56 in the amount of $47,322.56.

(j) Upon information and belief on or about June 17, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $44,000.00 ("Note # 10") Note # 10 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 1827 Middle Street, Gastonia, North Carolina. Chase filed proof of claim # 42 in the amount of $46,451.30.

(k) Upon information and belief on or about June 17, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $44,000.00 ("Note # 11") Note # 12 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 1831 Middle Street, Gastonia, North Carolina. Chase filed proof of claim # 55 in the amount of $46,200.28.

(l) Upon information and belief on or about June 17, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $44,000.00 ("Note # 12") Note # 13 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 1837 Middle Street, Gastonia, North Carolina. Chase filed proof of claim # 50 in the amount of $45,624.04.

(m) Upon information and belief on or about June 16, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $44,000.00 ("Note # 13") Note # 13 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property

located at 1843 Middle Street, Gastonia, North Carolina. Chase filed proof of claim # 47 in the amount of $47,357.86.

(n) Upon information and belief on or about February 10, 2004, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $50,250.00 ("Note # 14") Note # 14 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 3001 Matthews Drive aka 625 New Castle, Gastonia, North Carolina. Chase filed proof of claim # 55 in the amount of $55,326.97.

(o) Upon information and belief on or about June 17, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $50,400.00 ("Note # 15") Note # 15 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 1063 Parkview Drive, Gastonia, North Carolina. Chase filed proof of claim # 57 in the amount of $52,673.90.

(p) Upon information and belief on or about November 12, 2004, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $65,700.00 ("Note # 16") Note # 16 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 211 North Pryor Street, Gastonia, North Carolina. Chase filed proof of claim # 55 in the amount of $71,527.92.

(q) Upon information and belief on or about June 18, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $45,750.00 ("Note # 17") Note # 17 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 3623 Robinson Circle, Gastonia, North Carolina. Chase filed proof of claim # 44 in the amount of $48,654.88

(2)    <u>Impairment</u>. This class will be impaired.

(3)    <u>Treatment</u>.   The Debtors propose the following treatment:

(a) Note # 1.      Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $56,500.00. Monthly payments shall be in the amount of $269.74 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(b) Note # 2.    Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $26,000.00. Monthly payments shall be in the amount of $124.13 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(c) Note # 3.    Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $26,000.00. Monthly payments shall be in the amount of $124.13 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(d) Note # 4.    Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $32,000.00. Monthly payments shall be in the

amount of $152.77 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(e) Note # 5.   Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $32,000.00. Monthly payments shall be in the amount of $152.77 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(f) Note # 6.        Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $45,007.40. Monthly payments shall be in the amount of $214.87 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(g) Note # 7.        Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $28,000.00. Monthly payments shall be in the amount of $133.68 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(h) Note # 8.   Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy

Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $26,000.00. Monthly payments shall be in the amount of $124.13 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(i) Note # 9.   Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $26,000.00. Monthly payments shall be in the amount of $124.13 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(j) Note # 10.    Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $26,000.00. Monthly payments shall be in the amount of $124.13 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(k) Note # 11.    Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $26,000.00. Monthly payments shall be in the amount of $124.13 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(l) Note # 12.      Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $26,000.00. Monthly payments shall be in the amount of $124.13 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(m) Note # 13.      Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $26,000.00. Monthly payments shall be in the amount of $124.13 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(n) Note # 14.      Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $37,000.00. Monthly payments shall be in the amount of $176.64 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(p) Note # 15.      Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the

Debtors estimate this claim to be $37,500.00. Monthly payments shall be in the amount of $179.03 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(q) Note # 16.     Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $46,000.00. Monthly payments shall be in the amount of $219.61 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVII as described below.

(r) Note # 17.     Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $48,654.88. Monthly payments shall be in the amount of $232.29 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

## L.    Class XII – CHERRYVILLE:

(1)    Classification.     Class XII consists of the following eight secured

claims:

(a)  Upon information and belief on or about January 15, 2002 the Debtors entered into a Promissory Note and Deed of Trust with Cherryville Federal Savings and Loan ("Cherryville") in the original principal amount of $376,800.00 ("Note # 1") Note # 1 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form.. The Deed of Trust is secured by the following properties: (1) 528 Tareytown Drive; (2) 511 Newcastle Drive; (3) 912 Shannon Bradley Road; (4) 660 Newcastle Road; (5) 2712 Crescent

Lane; (6)   3031 Salem Drive; and (7) 3100 Spring Valley Drive located in Gastonia, N.C. the Debtors estimate Cherryville's claim to be $274,032.07

(b)  Upon information and belief on or about February 13, 2003 the Debtors entered into a Promissory Note and Deed of Trust with Cherryville Federal Savings and Loan ("Cherryville") in the original principal amount of $49,600.00 ("Note # 2") Note # 2 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form.. The Deed of Trust is secured by property located at 553 Tareytown Drive, Gastonia, N.C. the Debtors estimate Cherryville's claim to be $39,468.17

(c) Upon information and belief on or about February 25, 2003 the Debtors entered into a Promissory Note and Deed of Trust with Cherryville Federal Savings and Loan ("Cherryville") in the original principal amount of $64,800.00 ("Note # 3") Note # 3 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form.. The Deed of Trust is secured by property located at 2737 Meade Ave, Gastonia, N.C. the Debtors estimate Cherryville's claim to be $61,025.76.

(d) Upon information and belief on or about May 20, 2005 the Debtors entered into a Promissory Note and Deed of Trust with Cherryville Federal Savings and Loan ("Cherryville") in the original principal amount of $55,200.00 ("Note # 4") Note # 4 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form.. The Deed of Trust is secured by property located at 601 N. McFarland Street Gastonia, N.C. the Debtors estimate Cherryville's claim to be $51,745.13.

(e) Upon information and belief on or about May 23, 2005 the Debtors entered into a Promissory Note and Deed of Trust with Cherryville Federal Savings and Loan ("Cherryville") in the original principal amount of $55,200.00 ("Note # 5") Note # 5 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. The Deed of Trust is secured by property located at 721 E. 3rd Ave, Gastonia, N.C. the Debtors estimate Cherryville's claim to be $50,684.37.

(f) Upon information and belief on or about September 21, 2006 the Debtors entered into a Promissory Note and Deed of Trust with Cherryville Federal Savings and Loan ("Cherryville") in the original principal amount of $73,150.00 ("Note # 6") Note # 6 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form.. The Deed of Trust is

secured by property located at 716 N. Chestnut Street, Gastonia, N.C. the Debtors estimate Cherryville's claim to be $66,890.98.

(g) Upon information and belief on or about March 15, 2005 the Debtors entered into a Promissory Note and Deed of Trust with Cherryville Federal Savings and Loan ("Cherryville") in the original principal amount of $50,000.00 ("Note # 7") Note # 7 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form.. The Deed of Trust is secured by property located at 713 N. Avon, Gastonia, N.C. the Debtors estimate Cherryville's claim to be $44,890.09.

(h) Upon information and belief on or about July 24, 2004 the Debtors entered into a Promissory Note and Deed of Trust with Cherryville Federal Savings and Loan ("Cherryville") in the original principal amount of $72,000.00 ("Note #8") Note # 8 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form.. The Deed of Trust is secured by property located at 732 N. Chestnut Street, Gastonia, N.C. the Debtors estimate Cherryville's claim to be $64,904.91

(2)    <u>Impairment</u>. This class will be impaired.

(3)    <u>Treatment</u>.   The Debtors propose the following treatment

 (a) Cherryville shall be treated as partially secured in an amount equal to the value of the collateral. Cherryville shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Cherryville, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $228,800.00. Monthly payments shall be in the amount of $1092.33 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Cherryville's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(b) Cherryville shall be treated as partially secured in an amount equal to the value of the collateral. Cherryville shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Cherryville, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the

Debtors estimate this claim to be $34,800.00. Monthly payments shall be in the amount of $162.32 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Cherryville's claim shall be treated as a general unsecured claim in Class XXVI as described below

(c) Cherryville shall be treated as partially secured in an amount equal to the value of the collateral. Cherryville shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Cherryville, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the amount of $200.51 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Cherryville's claim shall be treated as a general unsecured claim in Class XXVI as described below

(d) Cherryville shall be treated as partially secured in an amount equal to the value of the collateral. Cherryville shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Cherryville, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $38,200.00. Monthly payments shall be in the amount of $182.85 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Cherryville's claim shall be treated as a general unsecured claim in Class XXVI as described below

(e) Cherryville shall be treated as partially secured in an amount equal to the value of the collateral. Cherryville shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Cherryville, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $35000.00. Monthly payments shall be in the amount of $167.10 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Cherryville's claim shall be treated as a general unsecured claim in Class XXVI as described below

(f) Cherryville shall be treated as partially secured in an amount equal to the value of the collateral. Cherryville shall retain its lien with the priority thereof, as

existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Cherryville, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $52,000.00. Monthly payments shall be in the amount of $248.26 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Cherryville's claim shall be treated as a general unsecured claim in Class XXVI as described below

(g) Cherryville shall be treated as partially secured in an amount equal to the value of the collateral. Cherryville shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Cherryville, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $49,500.00. Monthly payments shall be in the amount of $236.32 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Cherryville's claim shall be treated as a general unsecured claim in Class XXVI as described below

(h) Cherryville shall be treated as partially secured in an amount equal to the value of the collateral. Cherryville shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Cherryville, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $58,000.00. Monthly payments shall be in the amount of $248.26 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Cherryville's claim shall be treated as a general unsecured claim in Class XXVI as described below

## M.    <u>Class XIII– Fidelity:</u>

(1)    <u>Classification</u>.    Class XIII consists of the following two secured

claims:

(a)  Upon information and belief on or about August 22, 2006, the Debtors entered into a Promissory Note and Deed of Trust with Fidelity Bank ("Fidelity")

in the original principal amount of $198,000.00 ("Note # 1") Note # 1 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form.. The Deed of Trust is secured by property located at 4502 Pine Crest Street, North Myrtle Beach, South Carolina. The Debtors estimate Fidelity's claim to be $175,903.80.

(b)  Upon information and belief on or about August 1, 2006, the Debtors entered into a Promissory Note and Deed of Trust with Fidelity in the original principal amount of $200,00.00 ("Note#2") Note # 2 was secured by a Deed of Trust, taking a security interest in rents and profits,  and all proceeds thereof in any form. The Deed of Trust is secured by property located at 923 North Marietta Street, Gastonia, North Carolina. The Debtors estimate Fidelity's claim to be $199,184.91

(2)   <u>Impairment</u>. This class will be impaired.

(3)   <u>Treatment</u>.   The Debtors propose the following treatment

(a) Fidelity shall be treated as fully secured in an amount equal to the value of the collateral. Fidelity shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Fidelity, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $175,903.80. Monthly payments shall be in the amount of $839.79 beginning on the fifteenth day of the first full month following the Effective Date.

(b) Fidelity shall be treated as fully secured in an amount equal to the value of the collateral. Fidelity shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Fidelity, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $175,903.80. Monthly payments shall be in the amount of $839.79 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Fidelity's claim shall be treated as a general unsecured claim in Class XXVI as described below

**N.**    **Class XIV – Fifth Third Bank:**

(1)    Classification.    Class XIV consists of the following two secured

claims:

(a)  Upon information and belief on or about September 6, 2002, the Debtors entered into a Promissory Note and Deed of Trust with First Charter Bank in the original principal amount of $208,000.0.00 ("Note#1") Note # 1 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to Fifth Third Bank. The Deed of Trust is secured by property located at 432 Wilson Farm Road, Gastonia, North Carolina. Fifth Third Bank filed proof of claim number 5 in the amount of $182,113.83

(b)    Upon information and belief on or about September 10, 2001, the Debtors entered into a Promissory Note and Deed of Trust with First Charter Bank in the original principal amount of $40,000.00 ("Note# 2") Note # 2 was secured by a Deed of Trust, taking a security interest in rents and profits,  and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to Fifth Third Bank. The Deed of Trust is secured by property located at 438 Wilson Farm Road, Gastonia, North Carolina. The Debtor estimates Fifth Third Bank's claim is $36,491.00.

(2)    Impairment. This class will be impaired.

(3)    Treatment.    The Debtors propose the following treatment:

(a) Note # 1.        Fifth Third Bank shall be treated as fully secured in an amount equal to the value of the collateral. Fifth Third Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Fifth Third Bank, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. The Debtors estimate this claim to be $182,113.83. Monthly payments shall be in the amount of $869.44 beginning on the fifteenth day of the first full month following the Effective Date.

(b) Note # 2.        Fifth Third Bank shall be treated as partially secured in an amount equal to the value of the collateral. Fifth Third Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Fifth Third Bank, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. The Debtors estimate this claim to be $15,000.00. Monthly payments shall be in the amount of $71.61 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Fifth Third's claim shall be treated as a general unsecured claim in Class XXVI as described below.

## O.    Class XV – First National Bank:

(1)    Classification.        Class XV consists of the following seven secured

claims:

(a)  Upon information and belief on or about December 8, 2002, the Debtors entered into a Promissory Note and Deed of Trust with First National Bank of Shelby in the original principal amount of $128,000.00 ("Note#1") Note # 1 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. The Deed of Trust is secured by property located at 202 South Roxford Rd, Kings MTN, North Carolina, and 310 Willow St., Gastonia, North Carolina. First National Bank of Shelby filed proof of claim # 1 in the amount of $69,488.98.

(b)  Upon information and belief on or about August 15, 2008, the Debtors entered into a Consumer Security Agreement with First National Bank in the original principal amount of $600,000.00 The Consumer Security Agreement was secured by the following Deeds of Trust: (1)second mortgage on 4502 Pinecrest Street, North Myrtle Beach, North Carolina;(2) a second mortgage on 432 Wilson Farm Road, Gastonia, North Carolina; (3) first lien on 904 Neal Hawkins Rd, Gastonia, North Carolina; a second mortgage on 1228 Oliver Hill Rd Banner Elk North Carolina; and (4) 3417 Gatewood North Carolina. First National Bank of Shelby filed proof of claim # 4 in the amount of $587,729.02

(2)    Impairment. This class will be impaired.

(3)    Treatment.    The Debtors propose the following treatment:

(a) Note # 1.    First National Bank shall be treated as fully secured in an amount equal to the value of the collateral. First National Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to First National Bank, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. The Debtors estimate this claim to be $69,488.98. Monthly payments shall be in the amount of $331.75 beginning on the fifteenth day of the first full month following the Effective Date.

(b) ) Note # 2.    First National Bank shall be treated as fully secured in an amount equal to the value of the collateral. First National Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to First National Bank, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. The Debtors estimate this claim to be $155,000.00. Monthly payments shall be in the amount of $739.99 beginning on the fifteenth day of the first full month following the Effective Date. The balance of First National Bank's claim shall be treated as a general unsecured claim in Class XXVI as described below.

## P.    Class XVI – Bill Gillespie:

(1)    Classification.    Class XVI consist of the following obligation to

Bill Gillespie particularly described as follows:

(a)  Upon information and belief on or about October 19, 1999, the Debtors entered into a Promissory Note with American Community Bank in the original principal amount of $99,500.00 ("Note#1") Note # 1 was assigned to William Gillespie, Sr. Note # 1 is secured by a Deed of Trust, taking a security interest in rents and profits or and any proceeds thereof. The Deed of Trust is secured by property located at 413 Willow St, Gastonia, North Carolina. The Debtors estimate Bill Gillespie's claim at $47,000.00

(2)    Impairment. This class will be impaired.

(3)    <u>Treatment</u>.   The Debtors propose the following treatment:

(a) Bill Gillespie shall be treated as fully secured in an amount equal to the value of the collateral. Bill Gillespie shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Bill Gillespie, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. The Debtors estimate this claim to be 47,000.00. Monthly payments shall be in the amount of $224.39 beginning on the fifteenth day of the first full month following the Effective Date.

## Q.    <u>Class XVII – GMAC Mortgage, LLC:</u>

(1)    <u>Classification</u>.      Class XVII consist of ten obligations to GMAC

more particularly described as follows:

(a)   Upon information and belief on or about February 14, 2000, the Debtors entered into a Promissory Note with Fleet Mortgage Corporation in the original principal amount of $31,500.00 ("Note#1") Note # 1 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to GMAC Mortgage, LLC ("GMAC"). The Deed of Trust is secured by property located at 624 Wendy Hill Trail, Gastonia, North Carolina. GMAC filed proof of claim # 12 in the amount of $30,945.06.

(b)   Upon information and belief on or about December 30, 1999, the Debtors entered into a Promissory Note and Deed of Trust with Homecomings Financial Network Inc. in the original principal amount of $39,900.00 ("Note#2") Note # 2 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to GMAC. The Deed of Trust is secured by property located at 2001 Foxworth Street, Gastonia, North Carolina. GMAC filed proof of claim # 7 in the amount of $36,858.68.

(c)   Upon information and belief on or about December 30, 1999, the Debtors entered into a Promissory Note with Homecomings Financial Network in the original principal amount of $47,900.00 ("Note # 3") Note # 3 was secured by a Deed of Trust, taking an assignment of rents and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to GMAC. The Deed of Trust is

secured by property located at 2119 Hartford Street, Gastonia, North Carolina. GMAC filed proof of claim # 10 in the amount of $45,841.31.

(d) Upon information and belief on or about December 30, 1999, the Debtors entered into a Promissory Note Credit Homecomings Financial Network, in the original principal amount of $43,000.00. ("Note # 4") Note # 4 was secured by a Deed of Trust, taking an assignment of rents and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to GMAC .The Deed of Trust is secured by property located at 1804 South Perry Street, Gastonia, North Carolina. The Debtors estimate GMAC's claim to be $41,370.14.

(e) Upon information and belief on or about February 16, 2000, the Debtors entered into a Promissory Note and Deed of Trust  with Fleet Mortgage Corporation, in the original principal amount of $39,200.00 ("Note # 5) Note # 5 was secured by a Deed of Trust, taking an assignment of rents and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to GMAC. The Deed of trust is secured by property located at 615 North Weldon Street, Gastonia, North Carolina. GMAC filed proof of claim # 9 in the amount of $36,177.10

(f) Upon information and belief on or about September 17, 2003, the Debtors entered into a Promissory Note with Fieldstone Mortgage Corporation in the original principal amount of $93,750.00. ("Note #6") Note # 6 was secured by a Deed of Trust, taking an assignment of rents and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to GMAC. The Deed of Trust is secured by property located at 2709A & 2709B Westview Street, Gastonia, North Carolina. GMAC filed proof of claim # 11 in the amount of $92,241.43.

(g) Upon information and belief on or about September 21, 2006, the Debtors entered into a Promissory Note with Homecomings Financial Network, Inc., in the original principal amount of $73,600.00. ("Note # 7") Note # 7 was secured by a Deed of Trust, taking an assignment of rents and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to GMAC. The Deed of Trust is secured by property located at 620 North Rhyne Street, Gastonia, North Carolina. The Debtors estimate GMAC's claim to be 83,824.38.

(h) Upon information and belief on or about September 21, 2006, the Debtors entered into a Promissory Note with Homecomings Financial Network, Inc., in the original principal amount of $93,750.00. ("Note # 8") Note # 8 was secured by a Deed of Trust, taking an assignment of rents and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to GMAC. The Deed of Trust is

secured by property located at 724 North Chestnut Street, Gastonia, North Carolina. GMAC filed proof of claim # 19 in the amount of $81,319.87.

(i) Upon information and belief on or about September 21, 2006, the Debtors entered into a Promissory Note with Homecomings Financial Network, Inc., in the original principal amount of $73,600.00. ("Note #9") Note # 9 was secured by a Deed of Trust, taking an assignment of rents and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to GMAC. The Deed of Trust is secured by property located at 2710 Westview Street, Gastonia, North Carolina. GMAC filed proof of claim # 13 in the amount of $75,708.55.

(j) Upon information and belief on or about September 21, 2006, the Debtors entered into a Promissory Note with Homecomings Financial Network, Inc., in the original principal amount of $69,350.00. ("Note #10") Note # 10 was secured by a Deed of Trust, taking an assignment of rents and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to GMAC. The Deed of Trust is secured by property located at 1001 E Harrison Street, Gastonia, North Carolina. GMAC filed proof of claim # 15 in the amount of $75,266.20.

    (2)   <u>Impairment</u>. This class will be impaired.

    (3)   <u>Treatment</u>.   The Debtors propose the following treatment:

   (a) Note # 1.    GMAC shall be treated as partially secured in an amount equal to the value of the collateral. GMAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to GMAC, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $30,000.00. Monthly payments shall be in the amount of $143.22 beginning on the fifteenth day of the first full month following the Effective Date. The balance of GMAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

   (b) Note # 2.    GMAC shall be treated as partially secured in an amount equal to the value of the collateral. GMAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to GMAC, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the

Debtors estimate this claim to be $30,500.00. Monthly payments shall be in the amount of $145.61beginning on the fifteenth day of the first full month following the Effective Date. The balance of GMAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(c) Note # 3.        GMAC shall be treated as partially secured in an amount equal to the value of the collateral. GMAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to GMAC, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $38,000.00. Monthly payments shall be in the amount of $181.42 beginning on the fifteenth day of the first full month following the Effective Date. The balance of GMAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(d) Note # 4.        GMAC shall be treated as partially secured in an amount equal to the value of the collateral. GMAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to GMAC, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $30,000.00. Monthly payments shall be in the amount of $143.22 beginning on the fifteenth day of the first full month following the Effective Date. The balance of GMAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(e) Note # 5.        GMAC shall be treated as partially secured in an amount equal to the value of the collateral. GMAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to GMAC, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $35,000.00. Monthly payments shall be in the amount of $167.10 beginning on the fifteenth day of the first full month following the Effective Date. The balance of GMAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(f) Note # 6.        GMAC shall be treated as partially secured in an amount equal to the value of the collateral. GMAC shall retain its lien with the priority

thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to GMAC, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $87,000.00. Monthly payments shall be in the amount of $415.35 beginning on the fifteenth day of the first full month following the Effective Date. The balance of GMAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(g) Note # 7.        GMAC shall be treated as partially secured in an amount equal to the value of the collateral. GMAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to GMAC, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $56,500.00. Monthly payments shall be in the amount of $269.74 beginning on the fifteenth day of the first full month following the Effective Date. The balance of GMAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(h) Note # 8.        GMAC shall be treated as partially secured in an amount equal to the value of the collateral. GMAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to GMAC, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $58,800.00. Monthly payments shall be in the amount of $280.72 beginning on the fifteenth day of the first full month following the Effective Date. The balance of GMAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(i) Note # 9.        GMAC shall be treated as partially secured in an amount equal to the value of the collateral. GMAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to GMAC, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the amount of $200.51 beginning on the fifteenth day of the first full month following

the Effective Date. The balance of GMAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(j) Note # 10.        GMAC shall be treated as partially secured in an amount equal to the value of the collateral. GMAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to GMAC, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $58,800.00. Monthly payments shall be in the amount of $280.72 beginning on the fifteenth day of the first full month following the Effective Date. The balance of GMAC's claim shall be treated as a general unsecured claim in Class XXVII as described below.

**R.     Class XVIII– IBM:**

(1)    <u>Classification</u>.      Class XVIII consists of the following secured claim:  upon information and belief on or about August1 17, 2004, the Debtors entered into a Promissory Note and Deed of Trust with RBC Mortgage Company ("RBC") in the original principal amount of $56,250.00 ("Note # 1") Note # 1 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. The Deed of Trust was transferred to IBM. The Deed of Trust is secured by property located at Street, 803 Robinson Road, Gastonia North Carolina. IBM filed proof of claim # 81 in the amount of $60,251.61

(2)    <u>Impairment</u>. This class will be impaired.

(3)    <u>Treatment</u>.   The Debtors propose the following treatment

(a) IBM shall be treated as partially secured in an amount equal to the value of the collateral. IBM shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to IBM, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $55,000.00. Monthly payments shall be in the amount of $262.58 beginning on the fifteenth day of the first full month following the Effective Date. The balance of IBM's claim shall be treated as a general unsecured claim in Class XXVII as described below.

## S.    Class XIX– INDY MAC:

(1)    <u>Classification</u>.    Class XIX consists of the following secured claim Upon information and belief on or about June 23, 2005, the Debtors entered into a Promissory Note and Deed of Trust with Amtrust Mortgage Corporation ("Amtrust") in the original principal amount of $ ("Note # 1") Note # 1 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. The Deed of Trust was transferred to IndyMac. The Deed of Trust is secured by property located at 2902 Crawford Road, North Carolina. The Debtors estimate IndyMac's claim to be $50,000.00.

(2)    <u>Impairment</u>. This class will be impaired.

(3)    <u>Treatment</u>.    The Debtors propose the following treatment

(a) IndyMac shall be treated as partially secured in an amount equal to the value of the collateral. IndyMac shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to IndyMac, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $27,000.00. Monthly payments shall be in the amount of $128.90 beginning on the fifteenth day of the first full month following the Effective Date. The balance of IndyMac's claim shall be treated as a general unsecured claim in Class XXVI as described below.

## T.    Class XX– Litton:

(1)    <u>Classification</u>.    Class XX consists of the following three secured

claims:

(a)    Upon information and belief on or about November 23, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $62,250.00 ("Note#1") Note # 1 was secured by a Deed of Trust, taking a security interest in rents and profits,  and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to JPMorgan Chase. Litton Loan Servicing, LP ("Litton") is the loan servicer. The Deed of Trust is secured by property located at 2700 Westview,

Gastonia, North Carolina. Litton filed proof of claim # 74 in the amount of $65,642.60.

(b)    Upon information and belief on or about November 23, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $62,250.00 ("Note#2") Note # 2 was secured by a Deed of Trust, taking a security interest in rents and profits,  and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to JPMorgan Chase. Litton Loan Servicing, LP ("Litton") is the loan servicer. The Deed of Trust is secured by property located at 2704 Westview, Gastonia, North Carolina. Litton filed proof of claim # 67 in the amount of $65,319.02.

(c)    Upon information and belief on or about November 23, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $62,250.00 ("Note # 3") Note # 3 was secured by a Deed of Trust, taking a security interest in rents and profits,  and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to JPMorgan Chase. Litton Loan Servicing, LP ("Litton") is the loan servicer. The Deed of Trust is secured by property located at 2802 Westview, Gastonia, North Carolina. Litton filed proof of claim # 73 in the amount of $66,071.82.

(2)    <u>Impairment</u>. This class will be impaired.

(3)    <u>Treatment</u>.   The Debtors propose the following treatment:

(a) Note # 1.       Litton shall be treated as partially secured in an amount equal to the value of the collateral. Litton shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Litton, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the amount of $200.51 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Litton's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(b) Note # 2.       Litton shall be treated as partially secured in an amount equal to the value of the collateral. Litton shall retain its lien with the priority

thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Litton, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the amount of $200.51 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Litton's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(c) Note # 3.        Litton shall be treated as partially secured in an amount equal to the value of the collateral. Litton shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Litton, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the amount of $200.51 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Litton's claim shall be treated as a general unsecured claim in Class XXVI as described below.

## U.   Class XXI – LOANCARE:

(1)   Classification.   Class XXI consist of sixteen obligations with

LoanCare more particularly described as follows:

(a)   Upon information and belief on or about July 16, 2002, the Debtors entered into a Promissory Note with Springs Mortgage Corporation in the original principal amount of $48,300.00 ("Note#1") Note # 1 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Loan Care Servicing Center ("LoanCare"). The Deed of Trust is secured by property located 1006 Briarwood Drive, Dallas, North Carolina. LoanCare filed proof of claim 38 in the amount of $47,353.82.

(b)   Upon information and belief on or about May 23, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $61,000.00 ("Note#2") Note # 2 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Loan Care. The Deed of Trust is secured by property

located at 2653 Goble Street, Gastonia, North Carolina. LoanCare filed proof of claim # 89 in the amount of $66,727.60

(c)   Upon information and belief on or about May 23, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $61,000.00 ("Note#3") Note #  was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 2713 Goble Street, Gastonia, North Carolina. The Debtors estimate LoanCare's claim to be $56,308.24

(d) Upon information and belief on or about May 30, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $56,580.00 ("Note#4") Note # 4 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 2717 Goble Street, Gastonia, North Carolina. LoanCare filed proof of claim # 80 in the amount of $60,564.60.

(e)   Upon information and belief on or about May 30, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $56,580.00 ("Note# 5") Note #5 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 2721 Goble Street, Gastonia, North Carolina. LoanCare filed proof of claim # 82 in the amount of $61,290.58.

(f)   Upon information and belief on or about May 30, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $56,580.00 ("Note# 6") Note # 6 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 2725 Goble Street, Gastonia, North Carolina. The Debtors estimate LoanCare's claim to be $62,410.65.
.

(g)   Upon information and belief on or about May 30, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $56,580.00 ("Note# 7") Note # 7 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property

located at 2733 Goble Street, Gastonia, North Carolina. LoanCare filed proof of claim # 83 in the amount of $56,227.51.

(h) Upon information and belief on or about July 18, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $44,160.00 ("Note#8") Note # 8 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 2138 Hartford Street, Gastonia, North Carolina. The Debtors estimate LoanCare's claim to be $39,071.21.

(i) Upon information and belief on or about July 11, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $47,600.00 ("Note# 9") Note # 9 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 3019 Salem Drive, Gastonia, North Carolina. The Debtors estimate that LoanCare's claim will be $51,762.55.

(j) Upon information and belief on or about July 12, 2002 the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $46,900.00 ("Note # 10") Note # 10 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 906 Shannon Bradley Street, Gastonia, North Carolina. The Debtors estimate that LoanCare's claim will be $42,849.14.

(k) Upon information and belief on or about August 14, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $56,000.00 ("Note# 11") Note # 11 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 2724 Westview Street, Gastonia, North Carolina. The Debtors estimate LoanCare's claim will be 54,809.49.

(l) Upon information and belief on or about July 16, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $47,600.00 ("Note# 12") Note # 12 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property

located at 2722 Westview Street, Gastonia, North Carolina. The Debtors estimate LoanCare's claim will be 47,479.70.

(m) Upon information and belief on or about May 23, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $61,000.00 ("Note# 13") Note # 13 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 2705 Goble Street, Gastonia, North Carolina. The Debtors estimate LoanCare's claim will be $57,792.66.

(m) Upon information and belief on or about July 12, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $46,900.00 ("Note# 14") Note # 14 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 2709 Goble Street, Gastonia, North Carolina. LoanCare filed proof of claim # 37 in the amount of $47,973.69.

(o) Upon information and belief on or about April 12, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $46,500.00 ("Note# 15") Note # 15 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Loan Care. The Deed of Trust is secured by property located at 112 Miller Street, Gastonia, North Carolina. The Debtors estimate LoanCare's claim will be $43,705.60.

(p) Upon information and belief on or about April 12, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $63,750.00 ("Note# 16") Note # 16 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 517 Tareyton Street, Gastonia, North Carolina. LoanCare filed proof of claim # 77 in the amount of $70,138.89

(2)    <u>Impairment</u>. This class will be impaired.

(3)    <u>Treatment</u>.   The Debtors propose the following treatment:

(a) Note # 1.       LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $44,500.00. Monthly payments shall be in the amount of $212.45 beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(b) Note # 2.       LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the   amount of $200.51 beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(c)Note # 3       LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the amount of $200.51 beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(d) ) Note # 4.       LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall

be in the amount of $200.51 beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(e) Note # 5.    LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the amount of $200.51 beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class  XXVI as described below.

(f) ) Note # 6.    LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the amount of $200.51 beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(g) ) Note # 7.    LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the amount of $200.51 beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(h) ) Note # 8.    LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of

the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $30,000.00. Monthly payments shall be in the amount of $141.22 beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(i) ) Note # 9.      LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $33,000.00. Monthly payments shall be in the amount of $157.55 beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(j) ) Note # 10.      LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $32,500.00. Monthly payments shall be in the amount of $155.16 beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(k) Note # 11.      LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the amount of $200.51 beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(l) Note # 12.      LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $39,000.00. Monthly payments shall be in the amount of $186.19 beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(m) ) Note # 13.      LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the amount of $200.51 beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(n) Note # 14.      LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the amount of $200.51 beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(o) Note # 15.      LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility

purposes the Debtors estimate this claim to be $28,500.00. Monthly payments shall be in the amount of $136.06 beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(p) Note # 16.    LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $37,000.00. Monthly payments shall be in the amount of $176.64 beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

## (V)    Class XXII – Nexity Bank:

(1)    Classification.  Class XXII consists of the following secured claims:

(a)    Upon information and belief on or about, the Debtors entered into a Promissory Note with Nexity Bank in the original principal amount of $389,600.00 ("Note#1") Note # 1 was modified by Modification Agreement-Deed of Trust dated July 22, 2009, extending the maturity date until July 25, 2014. Note # 1 is secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. The Deed of Trust is secured by the following properties all of which have appraisal values of $33,000.00 each: (1) 2000 Gothic Court; (2) 2001 Gothic Court; (3) 2006 Gothic Court; (4) 2007 Gothic Court; (5) 2094 Hartford drive; (6) 2102 Hartford Drive; (7) 2156 Hartford Drive (8) 2124 Springfield Drive, all located in Gastonia, North Carolina. Nexity Bank filed proof of claim # 8 in the amount of $294,755.65.

(2)    Impairment. This class will be impaired.

(3)    Treatment.  The Debtors propose the following treatment:

(a) Note # 1.    Nexity Bank shall be treated as partially secured in an amount equal to the value of the collateral. U.S. Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of

the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to U.S. Bank, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $264,000.00. Monthly payments shall be in the amount of $1,407.21beginning on the fifteenth day of the first full month following the Effective Date. The balance of U.S. Bank's claim shall be treated as a general unsecured claim in Class XXVI as described below.

### W.   <u>Class XXIII– RBC BANK :</u>

(1)   <u>Classification</u>.     Class XXIII consists of the following secured

claim:

(a)   Upon information and belief on or about February 20, 2001 the Debtors entered into a Equity Line of Credit Account Agreement and Disclosure and a Deed of Trust with Centura Bank ("RBC Bank") in the original principal amount of $100,000.00 ("Note # 1") Note # 1 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form.. The Deed of Trust is secured by property located at 1228 Oliver Hill Rd, Banner ELD, North Carolina. RBC Bank (USA) filed proof of claim # 78 in the amount of $99,585.83..

(2)   <u>Impairment</u>. This class will be impaired.

(3)   <u>Treatment</u>.   The Debtors propose the following treatment

(a) RBC Bank shall be treated as fully secured in an amount equal to the value of the collateral. RBC Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to RBC Bank, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $99,585.93.00. Monthly payments shall be in the amount of $475.44 beginning on the fifteenth day of the first full month following the Effective Date.

## X.    **Class XXIV – U.S. Bank:**

(1)    <u>Classification</u>.   Class XXIV consists of the following six secured

claims:

(a)  Upon information and belief on or about September 7, 2005, the Debtors entered into a Promissory Note with Credit Suisse First Boston Financial Corporation in the original principal amount of $56,000.00 ("Note#1") Note # 1 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to U.S. Bank National ("U.S. Bank"). The Deed of Trust is secured by property located at 805 North Avon Street, Gastonia, North Carolina. U.S. Bank filed proof of claim # 25 in the amount of $57,702.94.

(b)  Upon information and belief on or about July 28, 2006, the Debtors entered into a Promissory Note and Deed of Trust with Credit Suisse Financial Corporation in the original principal amount of $,67,000.00 ("Note#2") Note # 2 was secured by a Deed of Trust, taking a security interest in rents and profits,  and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to U.S. Bank National ("U.S. Bank").The Deed of Trust is secured by property located at 2525 Myers Street, Gastonia, North Carolina. U.S. Bank filed proof of claim # 20 in the amount of $71,392.39.

(c)  Upon information and belief on or about July 28, 2006, the Debtors entered into a Promissory Note Credit Suisse Financial Corporation in the original principal amount of $71,700.00 ("Note#3") Note # 3 was secured by a Deed of Trust, taking a security interest in, rents and profits, and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to U.S. Bank National ("U.S. Bank").The Deed of Trust is secured by property located at 2727Westview Street, Gastonia, North Carolina. U.S. Bank filed proof of claim # 24 in the amount of $76,989.07

(d)  Upon information and belief on or about July 28, 2006, the Debtors entered into a Promissory Note Credit Suisse Financial Corporation in the original principal amount of $66,500.00. ("Note # 4") Note # 4 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to U.S. Bank National ("U.S. Bank").The Deed of Trust is secured by property located at 726 Davidson Street,

Gastonia, North Carolina. U.S. Bank filed proof of claim # 27 in the amount of $71,185.65.

(e)     Upon information and belief on or about July 28, 2006, the Debtors entered into a Promissory Note and Deed of Trust  with Credit Suisse Financial Corporation, in the original principal amount of $67,400.00 ("Note # 5) Note # 5 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to U.S. Bank National ("U.S. Bank"). The Deed of trust is secured by property located at 2519 Gardner Street, Gastonia, North Carolina. U.S. Bank filed proof of claim # 21 in the amount of $76,752.77

(f)     Upon information and belief on or about September 7, 2005 the Debtors entered into a Promissory Note with Amtrust Mortgage Corporation in the original principal amount of $52,000.00 ("Note #6") Note # 6 was secured by a Deed of Trust, taking an taking a security interest in rents and profits, and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to U.S. Bank National ("U.S. Bank"). The Deed of Trust is secured by property located at 3054 Crawford Street, Gastonia, North Carolina. U.S. Bank filed proof of claim # 23 in the amount of $53,072.24

(2)    <u>Impairment</u>. This class will be impaired.

(3)    <u>Treatment</u>.   The Debtors propose the following treatment:

 (a) Note # 1.      U.S. Bank shall be treated as partially secured in an amount equal to the value of the collateral. U.S. Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to U.S. Bank, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $52,000.00. Monthly payments shall be in the amount of $248.26 beginning on the fifteenth day of the first full month following the Effective Date. The balance of U.S. Bank's claim shall be treated as a general unsecured claim in Class XXVI as described below.

 (b) Note # 2.U.S. Bank shall be treated as partially secured in an amount equal to the value of the collateral. U.S. Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall

make monthly payments to U.S. Bank, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $41,700.00. Monthly payments shall be in the amount of $199.08 beginning on the fifteenth day of the first full month following the Effective Date. The balance of U.S. Bank's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(c) Note # 3. U.S. Bank shall be treated as partially secured in an amount equal to the value of the collateral. U.S. Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to U.S. Bank with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $46,000.00. Monthly payments shall be in the amount of $219.61 beginning on the fifteenth day of the first full month following the Effective Date. The balance of U.S. Bank's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(d) Note #4. U.S. Bank shall be treated as partially secured in an amount equal to the value of the collateral. U.S. Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to U.S. Bank, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $56,500.00. Monthly payments shall be in the amount of $269.74 beginning on the fifteenth day of the first full month following the Effective Date. The balance of U.S. Bank's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(e) Note # 5. U.S. Bank shall be treated as partially secured in an amount equal to the value of the collateral. U.S. Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to U.S. Bank, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $48,000.00. Monthly payments shall be in the amount of $229.16 beginning on the fifteenth day of the first full month following the Effective Date. The balance of U.S. Bank's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(f) Note # 6. U.S. Bank shall be treated as partially secured in an amount equal to the value of the collateral. U.S. Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtor shall make monthly payments to U.S. Bank, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtor estimates this claim to be $30,000.00. Monthly payments shall be in the amount of $143.22 beginning on the fifteenth day of the first full month following the Effective Date. The balance of U.S. Bank's claim shall be treated as a general unsecured claim in Class XXVI as described below.

## Y.   **Class XXV – Wells Fargo Bank:**

1.  Classifications:     Class XXV consists of nine obligations with Wells Fargo more particularly described as follows:

(a)  Upon information and belief on or about December 22, 2004, the Debtors entered into a Deed of Trust and Security Instrument with Amtrust Mortgage Corporation in the original principal amount of $48,000.00. ("Note#1") Note # 1 was transferred to Wells Fargo Bank. Note # 1 was secured by a Deed of Trust, taking a security interest in rents and profits, or proceeds paid thereof. The Deed of Trust is secured by property located at 719 Davie Street, Gastonia, North Carolina. Wells Fargo Bank filed proof of claim # 16 in the amount of $54,092.70.

(b) Upon information and belief on or about December 22, 2004, the Debtors entered into a Deed of Trust and Security Instrument with Amtrust Mortgage Corporation in the original principal amount of $71,200.00. ("Note#2") Note # 2 was transferred to Wells Fargo Bank. Note # 2 was secured by a Deed of Trust, taking a security interest in among other things, rents, and profits, and all proceeds thereof in any form. The Deed of Trust is secured by property located at 531 Sherman Street, Gastonia, North Carolina.  Wells Fargo filed proof of claim # 18 in the amount of $78,418.75.

(c) Upon information and belief on or about December 22, 2004, the Debtors entered into a Deed of Trust and Security Instrument with Amtrust Mortgage Corporation in the original principal amount of $54,400.00 ("Note#3") Note # 3 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. Said Note was transferred to Wells Fargo. The

Deed of Trust is secured by property located at 2611 Goble Street, Gastonia, North Carolina. Wells Fargo filed proof of claim # 17 in the amount of $61,245.75.

(d) Upon information and belief on or about August 26, 2004, the Debtors entered into a Deed of Trust and Security Instrument with Wells Fargo Bank, N.A., in the original principal amount of $54,400.00 ("Note # 4") Note # 4 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. The Deed of Trust is secured by property located at 2131 Hartford Drive, Gastonia, North Carolina. Wells Fargo filed proof of claim # 59 in the amount of $48,008.90.

(e) Upon information and belief on or about July 13, 2006, the Debtors entered into a Deed of Trust and Security Instrument with Wells Fargo Bank, N.A., in the original principal amount of $68,400.00 ("Note # 5") Note # 5 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. The Deed of Trust is secured by property located at 2523 Myers Street, Gastonia, North Carolina. Wells Fargo filed proof of claim # 39 in the amount of $78,206.89.

(f) Upon information and belief on or about July 3, 2006, the Debtors entered into a Deed of Trust and Security Instrument with Wells Fargo Bank, N.A., in the original principal amount of $68,400.00 ("Note # 6") Note # 6 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. The Deed of Trust is secured by property located at 2733 Westview Street, Gastonia, North Carolina. Wells Fargo filed proof of claim # 71 & 72 in the amount of $80,708.41.

(g) Upon information and belief on or about July 3, 2006, the Debtors entered into a Deed of Trust and Security Instrument with Wells Fargo Bank, N.A., in the original principal amount of 7$68,400.00 ("Note # 7") Note # 7 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. The Deed of Trust is secured by property located at 2721 Westview Street, Gastonia, North Carolina. Wells Fargo filed proof of claim # 86 in the amount of $46,913.53

(h) Upon information and belief on or about July 3, 2006, the Debtors entered into a Deed of Trust and Security Instrument with Wells Fargo Bank, N.A., in the original principal amount of 73,600.00 ("Note # 8") Note # 8 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. The Deed of Trust is secured by property located at 2723

Westview Street, Gastonia, North Carolina. Wells Fargo filed proof of claim # 75 in the amount of $79,404.30.

(i) Upon information and belief on or about July 3, 2006, the Debtors entered into a Deed of Trust and Security Instrument with Wells Fargo Bank, N.A., in the original principal amount of $73,600.00 ("Note # 9") Note # 9 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. The Deed of Trust is secured by property located at 2713 Westview Street, Gastonia, North Carolina. Wells Fargo filed proof of claim # 87 in the amount of $81,128.75

(2)    <u>Impairment</u>. This class will be impaired.

(3)    <u>Treatment</u>.

(a) Note # 1.       Wells Fargo's claim shall be treated as partially secured in an amount equal to the value of the collateral. Wells Fargo shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall pay monthly payments to Wells Fargo, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $30,000.00. Monthly payments shall be in the amount of $143.22 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Wells Fargo's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(b) Note # 2.       Wells Fargo's claim shall be treated as partially secured in an amount equal to the value of the collateral. Wells Fargo shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall pay monthly payments to Wells Fargo, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the amount of $200.51 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Wells Fargo's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(c) Note # 3.        Wells Fargo shall be treated as partially secured in an amount equal to the value of the collateral. Wells Fargo shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Wells Fargo, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $37,000.00. Monthly payments shall be in the amount of $176.64 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Wells Fargo's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(d) Note # 4.        Wells Fargo shall be treated as partially secured in an amount equal to the value of the collateral. Wells Fargo shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Wells Fargo, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $33,000.00. Monthly payments shall be in the amount of $157.55 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Wells Fargo's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(e) Note 5.        Wells Fargo shall be treated as partially secured in an amount equal to the value of the collateral. Wells Fargo shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Wells Fargo, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $41,700.00. Monthly payments shall be in the amount of $199.08 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Wells Fargo's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(f) Note # 6.        Wells Fargo shall be treated as partially secured in an amount equal to the value of the collateral. Wells Fargo shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Wells Fargo, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00 Monthly payments shall

be in the amount of $200.51 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Wells Fargo claim shall be treated as a general unsecured claim in Class XXVI as described below.

(g) Note # 7.        Wells Fargo shall be treated as partially secured in an amount equal to the value of the collateral. Wells Fargo shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Wells Fargo, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $36,000.00. Monthly payments shall be in the amount of $171.87 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Wells Fargo claim shall be treated as a general unsecured claim in Class XXVI as described below.

(h) Note # 8.        Wells Fargo shall be treated as partially secured in an amount equal to the value of the collateral. Wells Fargo shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Wells Fargo, with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtor estimates this claim to be $42,000.00. Monthly payments shall be in the amount of $200.51 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Wells Fargo claim shall be treated as a general unsecured claim in Class XXVI as described below.

(i) Note # 9.        Wells Fargo shall be treated as partially secured in an amount equal to the value of the collateral. Wells Fargo shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Wells Fargo with interest at the rate of four percent (4%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the amount of $200.51 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Wells Fargo claim shall be treated as a general unsecured claim in Class XXVI as described below.

**Z.**    **Class XXVI – General Unsecured Claims:**

(1)    <u>Classification</u>.      Class XXVI consists of all allowed, undisputed, non-contingent unsecured claims listed in the Debtors' petition or as otherwise approved by the Court.

(2)    <u>Impairment</u>. This class will be impaired.

(3)    <u>Treatment</u>. The total amount of general unsecured claims and deficiency claims is estimated $2,844,642.96 as of the date of the filing of this Disclosure Statement.  The last day for creditors to file proofs of claim is, 2010. According to the liquidation analysis attached hereto as Exhibit C, the Debtors shall pay allowed general unsecured claims a total of $0.00.

The Debtors may investigate and pursue avoidance actions pursuant to 11 U.S.C. 547 and 548.  Any funds collected through such actions will be distributed in accordance with the priorities established by the Bankruptcy Code and Orders of this Court.

**aa.    <u>Class XXVII – Equity Security Holders:</u>**

(1)    <u>Classification</u>.      Class XXVII consists of pre-petition members of the Debtors, as follows:

| | |
|---|---|
| William W. Gillespie | 50% |
| Jimmie C. Gillespie | 50% |

(2)    <u>Impairment</u>. This class will be impaired.

(3)    <u>Treatment</u>.   All equity security holders shall retain his/her ownership interests upon confirmation of the Debtors' plan of reorganization.

bb.    **Other Agreements**. Notwithstanding the foregoing, each holder of an Allowed Claim under Article III of the Plan may agree to less favorable treatment, in which case, such holder shall be paid in accordance with such agreed treatment.

# IV. MEANS OF IMPLEMENTATION AND EXECUTION OF PLAN

A.     The Debtors shall deposit all revenue into a designated bank account and disburse all funds in accordance with the terms of this Plan.

B.     Distributions under the Plan shall be made at the dates and times described above in the treatment for each Class; provided however, that Court approved professionals may be paid as such fees and expenses are approved by the Court.

C.     The Debtors will further execute and deliver all documentation to the Bankruptcy Court and to all parties in interest who are entitled to receive the same as required by the terms of this Plan and the Bankruptcy Code.

D.     The Debtors shall take such other action as necessary to satisfy the other terms and requirements of this Plan and the Bankruptcy Code.

E.     All funds necessary for the implementation of this Plan shall be obtained from funds (1) in the possession of the Debtors; (2) derived from the operations of the Debtors' business; or (3) derived from the investigation and collection of avoidance actions.

F.     RESERVE FOR DISPUTED CLAIMS: On and after the Effective Date, the Debtors will reserve distributions for the holders of Disputed Claims in a segregated account (the "Disputed Claims Reserve") for the benefit of the holders of the Disputed Claims entitled thereto under the Plan. Except to the extent that the Court shall have estimated under Section 502(c) of the Code or otherwise determined that a good and sufficient reserve for Disputed Claims is less than the full amount thereof, there will be deposited into the Disputed Claims Reserve an amount of cash which would have been disbursed on account of all Disputed Claims if all Disputed Claims were allowed in the full amount claimed by the holders thereof. At such time as a Disputed Claim becomes an Allowed Claim, the distribution which would have been disbursed had the Disputed Claim been an Allowed Claim on the Effective Date shall be released from the Disputed Claims Reserve and delivered to the holder of such Allowed Claim within thirty days. Claimants for which deposits have been made to the Disputed Claims Reserve shall be considered to have been paid on such date that the Debtors deposits the full amount of the Disputed Claim, or such amount required by the Court, in the Disputed Claims Reserve. Confirmation of this Plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.

G.     Except as expressly stated in the Plan, or allowed by a Final Order of the Bankruptcy Court, no interest, penalty, or late charge shall be allowed on any claim subsequent to the Petition Date, unless otherwise required by the Code. No attorney's fees or expenses shall be paid with respect to any claim except as specified herein, as allowed by Section 506(b), or as allowed by a Final Order of the Court.

H.     All payments, distributions, or transfer to be made under the Plan, except as expressly provided by the Plan or the Court, shall be made without interest.

I.     Confirmation of this plan shall constitute a finding that the Debtors do not waive, release, or discharge, but rather retain and reserve any and all pre-petition claims and any and all post-petition claims that it could or might assert against any party or entity arising under or otherwise related to any state or federal statute, state or federal common law, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court, including all rights to assert and pursue any and all avoidance actions, preference actions, and any other actions pursuant to 11 U.S.C. §§545, 546, 547, 548, 550, except to the extent such avoidance actions, preference actions, or other actions were assigned to a creditor(s) as part of the Debtors' Plan. Further, the Debtors retain all rights to assert and pursue all claims under 11 U.S.C. §542, including without limitation actions to seek turnover of estate assets, actions to recover accounts receivable, and/or actions to invalidate setoffs.

J.     Administrative claims unpaid on the Effective Date will be paid from funds on hand or as the parties otherwise agree.

K.     All objections to claims, fee applications, deficiency claims, and adversary proceedings for any cause of action arising prior to the Petition Date will be filed with the Court within 60 days of the Effective Date. Adversary Proceedings arising post-petition may be brought at any time prior to the entry of the Final Decree.

## V. SIMILAR TREATMENT FOR EACH CLAIM WITHIN A CLASS

The claims stated herein, by modification, Court Order, or other legally appropriate manner, might be modified throughout the course of payment under

this Plan.  The Debtors, upon full payment as called for under the notes and deeds of trust, shall be entitled to have the note marked paid and satisfied and the deed of trust canceled as a matter of record, by the Trustee, or by appropriate application to this Bankruptcy Court, and upon a showing that the full amount of the monthly payments were made by the Debtors.

## VI. PROVISIONS GOVERNING DISTRIBUTIONS

A. <u>Delivery of Distributions in General</u>.  Distributions to holders of allowed claims shall be made: (i) at the addresses set forth in the proofs of claim filed by such holders; (ii) at the addresses set forth in any written notices of address change submitted to the Court or Attorney for the Debtors after the date on which any related proof of claim was filed; or, if the information described in clauses (i) or (ii) is not available, (iii) at the addresses reflected in the Debtors' schedules of liabilities.

B. <u>Distribution Dates.</u>  It is the intent of this Plan that the distribution shall occur as early as practicable following the Effective date.

C. <u>Cure Period.</u>  Failure by the Debtors to timely perform any term, provision or covenant contained in this Plan shall not constitute an Event of Default unless or until the Debtors have been given thirty days (30) written notice of the alleged default and provided an opportunity to cure. Until the expiration of the thirty (30) day cure period, The Debtors shall not be deemed to be in default, any performance or actions taken during such thirty (30) day cure period shall be considered timely for all purposes. Such written notice pursuant to the Plan provisions and the passage of the thirty (30) day cure period shall constitute precedent to bringing or filing any contested action by any person to enforce any right granted under this Plan.

## VII. TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Except as specified herein, all contracts which exist between the Debtors and any individual or entity, whether such contract be in writing or oral, which have not heretofore been rejected or heretofore been approved by Orders of the Court are hereby specifically rejected; provided, however, that this provision is not intended to reject and does not reject any agreement for the renewal or the extension of any loan or funds, presently binding and in effect between the Debtors

and any secured creditor. The Debtors hereby assume all leases currently in effect, in which the Debtors are Lessors.

## VIII. ACCEPTANCE OR REJECITON OF PLAN: EFFECT OF REJECTION BY AN IMPAIRED CLASS

A. <u>Each Impaired Class Entitled to Vote Separately.</u>  Each impaired class of claims shall be entitled to have the holders of claims therein vote separately as a class to accept or reject the Plan.

B. <u>Acceptance by a Class of Creditors.</u>  Consistent with §1126( c) of the Bankruptcy Code,
and except as provided in §1126 (c) of the Bankruptcy Code, a class of claims shall have accepted the Plan if the Plan is accepted by holders of at least two-thirds (2/3) in dollar amount and more than one-half (1/2) in number of the allowed claims of that class that have timely and properly voted to accept or reject the Plan.

C. <u>Claimants Entitled to Vote.</u> Holders of impaired claims shall be entitled t vote if:

(1) Such claim has been filed against the Debtors in a liquidated amount or has been listed on the Debtors' schedules other than as contingent, unliquidated or disputed, and as to which no proof of claim has been filed.  The claim shall be allowed solely for the purpose of voting on the Plan in the amount in which such claim has been filed or listed on the Debtors' schedules;

(2) Such claim has been filed against the Debtors or listed the Debtors' schedules and is the subject of an existing objection filed by the Debtors, and is temporarily allowed for voting purposes by order of the Court in accordance with Bankruptcy Rule 3018.

(3) Such claim has been filed in an undetermined amount, in which case the creditor shall not be entitled to vote unless the Debtors and the holder of the claim agree on an amount for voting purposes or the Court enters an order setting the amount of the claim that the creditor may ballot.

(4) Any entity holding two or more duplicate claims shall be entitled to vote only one claim.

D. <u>Confirmation Hearing.</u>  The Court will set a hearing on the confirmation of

the Plan to determine whether the Plan has been accepted by the requisite number of creditors and whether the other requirements for confirmation of the Plan have been satisfied.

E.  <u>Acceptances Necessary to Confirm the Plan.</u>  At the hearing of the confirmation of the Plan, the Court shall determine, among other things, whether the Plan has been accepted by each impaired class.  Under §1126 of the Bankruptcy Code, an impaired class of Creditors is deemed to accept the Plan if at least two-thirds (2/3) in amount and more than one-half (1/2) in number vote to accept the Plan.  Further, unless there is unanimous acceptant of the Plan by an impaired class, the Court must also determine that class members will receive property with a value, as of the Effective Date of the Plan, that is not less than the amount that such class member would receive or retain if the Debtors were liquidated as of the Effective Date of the Plan under Chapter 7 of the Bankruptcy Code.

F.  <u>Confirmation of Plan Without Necessary Acceptances.</u>  The Bankruptcy Code provides that the Plan may be confirmed even if it is not accepted by all impaired Classes.  In order to be confirmed without the requisite number of acceptances of each impaired class, the Court must find that at least one impaired class has accepted the Plan without regard to the acceptances of insiders, and the Plan does not discriminate unfairly against, and is otherwise fair and equitable, to such impaired class.  In the event that any class votes against the plan, the Debtors hereby request and moves the Court under the provisions of this Plan outlined in Section IX herein, for confirmation pursuant to the "cramdown" provisions of §1129(b) of the Bankruptcy Code.  In connection therewith, the Debtors shall be allowed to modify the proposed treatment of the allowed claims in any class that votes against the Plan consistent with §1129(b)(20(A).

## IX.  "CRAMDOWN" FOR IMPAIRD CREDITORS NOT ACCEPTING THE PLAN

In respect to any class of creditors impaired but not accepting the Plan by the requisite majority in number or two-thirds in amount, the proponent of this Plan requests the Court to find that the Plan does not discriminate unfairly and is fair and equitable in respect to each class of claims or interests that are impaired under the Plan and that the Court confirm the Plan without such acceptance by the said impaired classes.  The Debtors will also request that the Court establish a value for any assets, the value of which is in dispute between the Debtors and any secured

creditor, at a valuation hearing under Section 506 of the Bankruptcy Code, to be scheduled at the same time as the hearing on confirmation of the Plan.

## X. RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction of these proceedings pursuant to and for the purposes of Sections 105a) and 1127 of the Code and for, without limitation, the following purposes, inter alia:

1. to determine any and all objections to the allowance of claims and/or interests;

2. to determine any and all applications for allowance of compensation for periods prior to or after the Confirmation Date;

3. to determine any and all applications pending on the Confirmation Date for the rejection and disaffirmance or assumption or assignment or executory contracts and the allowance of any claim resulting therefrom;

4. to determine all controversies and disputes arising under or in connection with the Plan;

5. to determine all applications, adversary proceedings and litigated matters pending on the Confirmation Date;

6. to effectuate payments under, and performance of, the provisions of the Plan, including, but not limited to, future sales of personal and real property retained by the Estate.

7. to determine such other matters and for such other purposes as may be provided for in the confirmation order;

8. to determine all disputes regarding property of the estate;

9. to establish and adjust procedures for the orderly administration of the estate;

10. to determine matters that are subject to proceedings duly removed to the Bankruptcy Court; and

11.to replace the Debtors-in-Possession with a Trustee for good cause shown.

## XI. EFFECT OF CONFIRMATION

A.      Except as otherwise provided in the Plan, the confirmation of the Plan vests all of the property of the estate in the Debtors.

B.      Injunction.  As of the Confirmation Date, except as otherwise provided in the Plan or the Confirmation Order, all persons that have held, currently hold, or may hold a claim, equity interest, or other debt or liability that is treated pursuant to the terms of the Plan or that is otherwise enjoined pursuant to §1141 of the Code, are enjoined from taking any of the following actions on account of any such claims, equity interests, debts or liabilities, other than actions brought to enforce obligations under the Plan:  (i) commencing or continuing,  in any manner, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering, in any manner, any judgment, award, decree or order; (iii) creating, perfecting, or enforcing any lien or encumbrance; (iv) asserting a set-off or right of recoupment of any kind against any debt, liability or obligation; and/or (v) commencing or continuing, in any manner or any place, any act that does not comply with or is inconsistent with the provisions of the Plan or Confirmation Order. Notwithstanding the foregoing, the Plan with the Provisions of the Plan does not release or waive any claims it may have against any party in interest.

## XII. MISCELLANEOUS PROVISIONS

A. Survival of Terms.  The covenants, representations and agreements made in this Plan shall survive the Confirmation Date and the transactions contemplated herein.

B. Successors Bound.  This Plan shall on the Consummation Date be binding upon and inure to the benefit of the respective heirs, successors and assigns of the Debtors, and the holders of claims and interests.

C. Controlling Law.  This Plan shall be read and construed and take effect in all respects in accordance with the law as set forth in the United States Bankruptcy Code and the Rules promulgated thereunder.

D. Further Assurance.  If at any time, the Debtors shall consider, or be advised,

that any further releases, assurances or documents are reasonably necessary or desirable to carry out the provisions hereof, and the transactions contemplated herein, the holders of claims and the holders of interest shall, upon reasonable request, execute and deliver any and all documents and assurances, and do all things necessary or appropriate to carry out fully the provisions hereof.

     E.   <u>Liens.</u>  All liens remaining in favor of any creditor in this action against the real property conveyed prior to the filing of the petition shall be deemed to be released upon confirmation of the Plan.  The Debtors shall request and all parties shall provide such additional documentation as may be necessary to effectuate these releases.

(this space intentionally left blank)

Respectfully submitted, this the 3rd day of January, 2011

<u>s/Robert Lewis, Jr.</u>                                 DEBTORS:
ROBERT LEWIS, JR.                            WILLIAM W GILLESPIE
N.C. State Bar #35806                      JIMMIE C. GILLESPIE
LEWIS & COWIN LAW FIRM, P.A.
803 C East Main Street
Havelock, North Carolina 28532
(252) 444-1717
(252) 444-8667(fax)
Attorney for Debtor