

FILED & JUDGMENT ENTERED

Steven T. Salata

Sep 23 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

George R. Hodges
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| **In the Matter of:.** | ) | **CASE NO. 10-30942** |
| **WILLIAM W. GILLESPIE, JR and** | ) | |
| **JIMMIE C. GILLESPIE** | ) | |
| | ) | |
| **DEBTORS** | ) | **A Chapter 11 Reorganization** |
| | ) | |

## Order Confirming Amended Plan

The Plan of Reorganization under Chapter 11 of the Bankruptcy Code filed by the Debtors on January 3, 2011 and the Amended Plan of Reorganization filed by the Debtors on March 22, 2011 (hereinafter the "Amended Plan"),or a summary thereof, having been transmitted to creditors and equity security holders, and a Hearing on the Debtors' Amended Disclosure Statement and Confirmation of the Plan of Reorganization having been conducted in the United States Bankruptcy Court in Charlotte, North Carolina on July 27, 2011,

The Court being advised as to the acceptance of classes of impaired claims of the Amended Plan, and having considered the evidence presented at the hearing, the record of the case, and arguments of counsel for the Debtors, various creditors, and the Bankruptcy Administrator;

NOW, THEREFORE, the Court makes the following findings of fact and conclusions of law:

1.    The Amended Plan and the proponent comply with all requirements of 11 U.S.C. § 1129(a), with the exception of §1129(a)(8) in that several creditors have not accepted their proposed treatment.

2.      It having been determined after hearing on notice that the applicable requirements for confirmation set forth in Section 1129(b) of the Bankruptcy Code have been satisfied, in that the Amended Plan does not discriminate unfairly, and is fair and equitable;

IT IS ORDERED THAT:

1.      The Amended Disclosure Statement is APPROVED.

2.      The Amended Plan of Reorganization is CONFIRMED, subject to the following modifications:

A.      The treatment for certain Claimants is changed as indicated below:

**E.      Class V – American Home Mortgage Servicing, Inc. ("AHM")**:

1)      Classification. Class V has been modified as as follows:

(d)  Upon information and belief on or about October 18, 2004, the Debtors entered into a Promissory Note with American Home in the original principal amount of $71,200.00 ("Note#4"). Note #4 was secured by a Deed of Trust and Security Agreement, taking an Assignment of Rents as well as a security interest in among other things, rents, profits and all proceeds thereof in any form. Note # 4 was transferred to The Bank of New York Mellon Corporation, as Indenture Trustee for American Home Mortgage Investment Trust 2004-4 by and through American Home Mortgage Services, Inc. Said Deed of Trust is secured by property located at 2538 Myers Street, Gastonia, North Carolina. American Home filed proof of claim # 64 in the amount of $77,866.97.

(e)  Upon information and belief on or April 18, 2005, the Debtors entered into a Promissory Note with American Home in the original principal amount of $54,400.00, ("Note#5") Note #5 was secured by a Deed of Trust and Security Agreement, taking an Assignment of Rents as well as a security interest in among other things, rents, profits and all proceeds thereof in any form. Note # 5 was transferred to Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2005-2 by and through American Home Mortgage Servicing, Inc. The Deed of Trust is secured by property located at 60 Fox Street, Gastonia, North Carolina. American Home filed proof of claim # 63 in the amount of $77,619.56

(f)  Upon information and belief on or about December 4, 2004, the Debtors entered into a Promissory Note with American Home Mortgage in the original principal amount of $62,250.00. ("Note#6") Note #6 was secured by a Deed of Trust and Security Agreement, taking an Assignment of Rents as well as a security interest in among other things, rents, profits and all proceeds thereof in any form. The Deed of Trust is secured by property located at 62 Fox Street,

Gastonia, North Carolina. Deutsche Bank National trust filed proof of claim # 68 on behalf of American Home Mortgage Servicing in the amount of $55,720.91.

(h)  Upon information and belief on or about October 18, 2004, the Debtors entered into a Note with American Home Mortgage, in the original principal amount of $71,200.00 ("Note # 8"). Note #8 was transferred to The Bank of New York Mellon Corporation, as Indenture Trustee for American Home Mortgage Investment Trust 2004-4 by and through American Home Mortgage Services, Inc. Note # 8 was secured by a Deed of Trust/Security Instrument, with a security interest in property located at 2619 Goble Street, Gastonia, North Carolina. The Debtors estimate AHM's claim to be $67,912.72.

(j)   Upon information and belief on or about April 18, 2005, the Debtors entered into a Promissory Note the original principal amount of $48,000.00 with Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2005-2 by and through American Home Mortgage Servicing, Inc. secured by the Deed of Trust. ("Note #10") Note #10 was secured by a Deed of Trust, with a security interest in property located at 206 Winget Circle, Gastonia, North Carolina. American Home filed proof of claim # 65 in the amount of $52,616.57.

(2)   <u>Impairment</u>.   This class will be impaired.

(3)   <u>Treatment:</u>  The Debtors propose the following treatment:

(d) Note # 4.   This obligation shall be treated as a partially secured obligation of the Debtors in an amount equal to the lesser of: (1) the value of the property which secured the debt; or (2) (a) all outstanding principal and interest due on the petition date; plus (b) any, interest, costs and expenses approved by the Court pursuant to Section 506(b); less (c) any post-petition payments. For feasibility purposes, the Debtors value the property at $55,250.00. The Debtors propose to amortize Note # 4 over a thirty (30) year period with interest accruing at a rate of five percent (5%) per annum. AHM shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its claim is paid in full. . The Debtors shall make monthly payments of $296.59 beginning on the first of the month following confirmation and monthly thereafter until the claim is paid in full. The balance of AHM's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(e) Note # 5.   This obligation shall be treated as a partially secured obligation of the Debtors in an amount equal to the lesser of: (1) the value of the property which secured the debt; or (2) (a) all outstanding principal and interest due on the petition date; plus (b) any, interest, costs and expenses approved by the Court pursuant to Section 506(b); less (c) any post-petition payments. For feasibility purposes, the Debtors value the property at $37,750.00. The Debtors propose to amortize Note # 5 over a thirty (30) year period with interest accruing at a rate of five percent (5%) per annum. AHM shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its claim is paid in full. The Debtors shall make monthly payments of $202.65 beginning on the first of the month

following confirmation and monthly thereafter until the claim is paid in full. The balance of AHM's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(f) Note # 6.        This obligation shall be treated as a partially secured obligation of the Debtors in an amount equal to the lesser of: (1) the value of the property which secured the debt; or (2) (a) all outstanding principal and interest due on the petition date; plus (b) any, interest, costs and expenses approved by the Court pursuant to Section 506(b); less (c) any post-petition payments. For feasibility purposes, the Debtors value the property at $33,500.00. The Debtors propose to amortize Note # 6 over a thirty (30) year period with interest accruing at a rate of five and one-half percent (5.5%) per annum. AHM shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its claim is paid in full. The Debtors shall make monthly payments of $190.21 beginning on the first of the month following confirmation and monthly thereafter until the claim is paid in full. The balance of AHM's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(h) Note # 8.        This obligation shall be treated as a fully secured obligation of the Debtors in an amount equal to the lesser of: (1) the value of the property which secured the debt; or (2) (a) all outstanding principal and interest due on the petition date; plus (b) any, interest, costs and expenses approved by the Court pursuant to Section 506(b); less (c) any post-petition payments. For feasibility purposes, the Debtors value the property at $42,000.00. The Debtors propose to amortize Note # 8 over a thirty (30) year period with interest accruing at a rate of five percent (5%) per annum. AHM shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its claim is paid in full. The Debtors shall make monthly payments of $225.47 beginning on the first of the month following confirmation and monthly thereafter until the claim is paid in full. The balance of AHM's claim shall be treated as a general unsecured claim in Class XXVI as described below.

J) Note # 10.        This obligation shall be treated as a partially secured obligation of the Debtors in an amount equal to the lesser of: (1) the value of the property which secured the debt; or (2) (a) all outstanding principal and interest due on the petition date; plus (b) any, interest, costs and expenses approved by the Court pursuant to Section 506(b); less (c) any post-petition payments. For feasibility purposes, the Debtors value the property at $41,000.00. The Debtors propose to amortize Note # 10 over a thirty (30) year period with interest accruing at a rate of five percent (5%) per annum. AHM's cost and attorney's fees are approved and AHM shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its claim is paid in full. The Debtors shall make monthly payments of $220.10 beginning on the first of the month following confirmation and monthly thereafter until the claim is paid in full. The balance of AHM's claim shall be treated as a general unsecured claim in Class XXVI as described below.

## F.    Class VI – BAC:

1.  Classifications:        Class VI shall be modified as follows:

(a)  Upon information and belief on or about November 30, 1999, the Debtors entered into a Deed of Trust and Security Instrument with America's Wholesale Lender in the original principal amount of $67,200.00. ("Note#1") Note # 1 was transferred to BAC Home Loan Servicing, LP fka Countrywide Home Loan ("BAC"). Note # 1 was secured by a Deed of Trust, taking a security interest in rents and profits, or proceeds paid thereof. The Deed of Trust is secured by property located at 620 Highland Street, Gastonia, North Carolina.  BAC filed proof of claim # 69 in the amount of $40,421.14.

(b) Upon information and belief on or about November 30,1999, the Debtors entered into a Deed of Trust and Security Instrument with America's Wholesale Lender in the original principal amount of $45,750.00 ("Note#2") Note # 2 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. Said Note was transferred to BAC. The Deed of Trust is secured by property located at 1112 West Davidson Street, Gastonia, North Carolina. BAC filed proof of claim # 29 in the amount of $42,576.26.

(c) Upon information and belief on or about November 30,1999, the Debtors entered into a Deed of Trust and Security Instrument with RBC Mortgage Company in the original principal amount of $56,250.00 ("Note#3") Note # 3 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. Said Note was transferred to BAC. The Deed of Trust is secured by property located at 1114 North Davidson Street, Gastonia, North Carolina. BAC filed proof of claim # 28 in the amount of $41,369.94
.

(d) Upon information and belief on or about August 17, 2004, the Debtors entered into a Deed of Trust and Security Instrument with RBC Mortgage Company in the original principal amount of $67,200.00. ("Note#4") Note # 4 was transferred to BAC. Note # 4 was secured by a Deed of Trust, taking a security interest in rents and profits, or proceeds paid thereof. The Deed of Trust is secured by property located at 715 Davie Street, Gastonia, North Carolina.  BAC filed proof of claim # 26 in the amount of $70,806.12.

(2)    Impairment.    This class will be impaired.

(3)    Treatment.    The Debtors propose the following treatment:

(a) Note # 1.    BAC's claim shall be treated as partially secured in an amount equal to the value of the collateral. Wells Fargo shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall pay monthly payments to BAC, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $35,000.00. Monthly payments shall be in the amount of $187.89 beginning on the fifteenth day of the first full month following the Effective Date. The

balance of BAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(b) Note # 2.   BAC's claim shall be treated as partially secured in an amount equal to the value of the collateral. BAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall pay monthly payments to BAC, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $37,500.00. Monthly payments shall be in the amount of $201.31beginning on the fifteenth day of the first full month following the Effective Date. The balance of BAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(c) Note # 3.   BAC's claim shall be treated as partially secured in an amount equal to the value of the collateral. BAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall pay monthly payments to BAC, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $34,000.00 Monthly payments shall be in the amount of $182.52 beginning on the fifteenth day of the first full month following the Effective Date. The balance of BAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(d) Note # 4.   BAC's claim shall be treated as partially secured in an amount equal to the value of the collateral. BAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall pay monthly payments to BAC, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $52,500.00. Monthly payments shall be in the amount of $281.83 beginning on the fifteenth day of the first full month following the Effective Date. The balance of BAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

J.      **Class X – Carolina Trust Bank:**

(1)      Classification. Class X consists of the following four secured claims:

(a)   Upon information and belief on or about November 15, 2006, the Debtors entered into a Promissory Note and Deed of Trust with Carolina Commerce Bank in the original principal amount of $67,500.00 ("Note#1") Note # 1 was secured by a Deed of Trust, taking a security interest in rents and profits,  and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to Carolina Trust Bank ("CTB"). The Deed of Trust is secured by property located at 811 N Avon, Gastonia, North Carolina. The Debtors estimate CTB's claim to be $59,342.12.

(b)  Upon information and belief on or about March 17, 2005, the Debtors entered into a Promissory Note and Deed of Trust with Carolina Commerce Bank in the original principal amount of $37,800.00 ("Note#2") Note # 2 was secured by a Deed of Trust, taking a security interest in rents and profits,  and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to CTB.  The Deed of Trust is secured by property located at 907 East Harrison, Gastonia, North Carolina. The Debtors estimate CTB's claim to be $29,665.73.

(c)  Upon information and belief on or about August 1, 2006, the Debtors entered into a Promissory Note and Deed of Trust with Carolina Trust Bank in the original principal amount of $54,000.00 ("Note # 3") Note # 3 was secured by a Deed of Trust, taking a security interest in rents and profits,  and all proceeds thereof in any form. The Deed of Trust is secured by property located at 417 N. Broad, Gastonia, North Carolina. The Debtors estimate CTB's claim to be $42,735.26.

(d)  Upon information and belief on or about March 24, 2008, the Debtors entered into a Promissory Note and Deed of Trust with Carolina Trust Bank in the original principal amount of $19,016.08 ("Note # 4") Note # 4 was secured by a Deed of Trust, taking a security interest in rents and profits,  and all proceeds thereof in any form. The Deed of Trust is secured by property located at 1854 Middle Street, Gastonia, North Carolina. The Debtors estimate CTB's claim to be $15,811.93

(2)    <u>Impairment</u>.    This class will be impaired.

(3)    <u>Treatment</u>.    The Debtors propose the following treatment:

(a) Note # 1.    CTB shall be treated as fully secured in an amount equal to the value of the collateral. CTB shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. For feasibility purposes the Debtors value this claim at $59,342.12. The Debtors shall make monthly payments to CTB, with interest at the rate of five percent (5%) per annum amortized over a period of twenty-five (25) years with a ten (10) year balloon. Monthly payments shall be in the amount of $346.91 beginning on the fifteenth day of the first full month following the Effective Date. The outstanding principal balance shall be due and payable one hundred twenty (120) months from the Effective Date.

(b) Note # 2.    CTB shall be treated as fully secured in an amount equal to the value of the collateral. CTB shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. For feasibility purposes the Debtors value this claim at $29,665.73. The Debtors shall make monthly payments to CTB, with interest at the rate of five percent (5%) per annum amortized over a period of twenty-five (25) years with a ten (10) year balloon. Monthly payments shall be in the amount of $173.42 beginning on the fifteenth day of the first full month following the Effective Date. The outstanding principal balance shall be due and payable one hundred twenty (120) months from the Effective Date.

(c) Note # 3.        CTB shall be treated as fully secured in an amount equal to the value of the collateral. CTB shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to CTB, with interest at the rate of five percent (5%) per annum amortized over a period of twenty-five (25) years with a ten (10) year balloon. For feasibility purposes the Debtors value this claim at $42,735.26. Monthly payments shall be in the amount of $249.83 beginning on the fifteenth day of the first full month following the Effective Date.  The outstanding principal balance shall be due and payable one hundred twenty (120) months from the Effective Date.

(d) Note # 4.        CTB shall be treated as fully secured in an amount equal to the value of the collateral. CTB shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. For feasibility purposes the Debtors value this claim at $15,811.93. The Debtors shall make monthly payments to CTB, with interest at the rate of five percent (5%) per annum amortized over a period of twenty-five (25) years with a 10 year balloon. Monthly payments shall be in the amount of $92.43 beginning on the fifteenth day of the first full month following the Effective Date. The outstanding principal balance shall be due and payable one hundred twenty (120) months from the Effective Date.

4    Additionally, the plan shall treat the secured claims' of this creditor in this class as follows:

(a)        The debtors shall keep the property, and all improvements situate thereon, insured as required by CTB with CTB as a loss payee, and shall abide by all other terms of the notes, the deeds of trust, and all other loan documents.

(b)        Upon confirmation and the debtors commence making payments under CTB's loan documents as modified by this order, upon a subsequent default under the loan documents, the debtors shall have 15 days to cure the default after written notice to the debtors and their counsel, and if the debtors fail to cure the default within that time, the stay shall be deemed modified and CTB may thereupon without further action proceed foreclose or otherwise enforce its rights under the loan documents.

(c)        CTB shall allow payments to be made by automatic draft on an account owned by debtors provided a suitable account exists or is created by debtors and necessary information for such account is provided by debtors. If adequate funds are not present in such account in order to make a payment when due, the payment shall be deemed in default.

**K.**   **Class XI – CHASE:**

(1)   <u>Classification</u>.  Class XI shall be modified as follows:

(a)   Upon information and belief on or about November 12, 2004, the Debtors entered into a Promissory Note with Long Beach Mortgage Corporation in the original principal amount of $65,700.00 ("Note#1") Note # 1 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to JP Morgan Chase Bank, National Association ("Chase"). The Deed of Trust is secured by property located 817 North Avon Street, Gastonia, North Carolina. Chase filed proof of claim # 51 in the amount of $72,850.37.

(b) Upon information and belief on or about June 17, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $44,000.00 ("Note#2") Note # 2 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 716 Davie Street, Gastonia, North Carolina. Chase filed proof of claim # 43 in the amount of $44,145.25.

(c) Upon information and belief on or about June 16, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $44,000.00 ("Note#3") Note # 3 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 720 Davie Street, Gastonia, North Carolina. Chase filed proof of claim # 52 in the amount of $49,069.42.

(d) Upon information and belief on or about March 9, 2004, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $45,750.00 ("Note#4") Note # 4 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 2137 Hartford Drive, Gastonia, North Carolina. Chase filed proof of claim # 54 in the amount of $50,111.99.

(e) Upon information and belief on or about February 4, 2004, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of45,750.00 ("Note # 5") Note # 5 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 2149 Hartford Drive, Gastonia, North Carolina. Chase filed proof of claim # 45 in the amount of $49,434.11.

(f) Upon information and belief on or about November 8, 2004, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $106,4000.00 ("Note # 6") Note # 6 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 210 Hill Street Unit A, Gastonia, North Carolina. Chase filed proof of claim # 48 in the amount of $115,721.25.

(g) Upon information and belief on or about June 17, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $42,500.00 ("Note # 7") Note # 7 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 2319 Knight Drive, Gastonia, North Carolina. Chase filed proof of claim # 46 in the amount of $45,007.40.

(h) Upon information and belief on or about June 18, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $44,000.00 ("Note # 8") Note # 8 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 1817 Middle Street, Gastonia, North Carolina. Chase filed proof of claim # 60 in the amount of $46,294.54.

(i) Upon information and belief on or about June 17, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $44,000.00 ("Note # 9") Note # 9 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 1823 Middle Street, Gastonia, North Carolina. Chase filed proof of claim # 56 in the amount of $47,322.56.

(j) Upon information and belief on or about June 17, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $44,000.00 ("Note # 10") Note # 10 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 1827 Middle Street, Gastonia, North Carolina. Chase filed proof of claim # 42 in the amount of $46,451.30.

(k) Upon information and belief on or about June 17, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $44,000.00 ("Note # 11") Note # 12 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 1831 Middle Street, Gastonia, North Carolina. Chase filed proof of claim # 55 in the amount of $46,200.28.

(l) Upon information and belief on or about June 17, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $44,000.00 ("Note # 12") Note # 13 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 1837 Middle Street, Gastonia, North Carolina. Chase filed proof of claim # 50 in the amount of $45,624.04.

(m) Upon information and belief on or about June 16, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $44,000.00 ("Note # 13") Note # 13 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of

Trust is secured by property located at 1843 Middle Street, Gastonia, North Carolina. Chase filed proof of claim # 47 in the amount of $47,357.86.

(n) Upon information and belief on or about February 10, 2004, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $50,250.00 ("Note # 14") Note # 14 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 3001 Matthews Drive aka 625 New Castle, Gastonia, North Carolina. Chase filed proof of claim # 55 in the amount of $55,326.97.

(o) Upon information and belief on or about June 17, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $50,400.00 ("Note # 15") Note # 15 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 1063 Parkview Drive, Gastonia, North Carolina. Chase filed proof of claim # 57 in the amount of $52,673.90.

(p) Upon information and belief on or about November 12, 2004, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $65,700.00 ("Note # 16") Note # 16 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 211 North Pryor Street, Gastonia, North Carolina. Chase filed proof of claim # 55 in the amount of $71,527.92.

(q) Upon information and belief on or about June 18, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $45,750.00 ("Note # 17") Note # 17 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Chase. The Deed of Trust is secured by property located at 3623 Robinson Circle, Gastonia, North Carolina. Chase filed proof of claim # 44 in the amount of $48,654.88

(2)    <u>Impairment</u>.    This class will be impaired.

(3)    <u>Treatment</u>.    The Debtors propose the following treatment:

(a) Note # 1.  Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $67,500.00. Monthly payments shall be in the amount of $362.35 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(b) Note # 2.     Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $26,000.00. Monthly payments shall be in the amount of $139.57 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(c) Note # 3.     Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $26,000.00. Monthly payments shall be in the amount of $139.57 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(d) Note # 4.     Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $32,000.00. Monthly payments shall be in the amount of $171.78 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(e) Note # 5.     Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $32,000.00. Monthly payments shall be in the amount of $171.78 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(f) Note # 6.         Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $85,000.00. Monthly payments shall be in the

amount of $456.30 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(g) Note # 7.   Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $29,000.00. Monthly payments shall be in the amount of $155.68 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(h) Note # 8.     Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $26,000.00. Monthly payments shall be in the amount of $139.57 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(i) Note # 9.     Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $28,000.00. Monthly payments shall be in the amount of $150.31 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(j) Note # 10.   Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $26,000.00. Monthly payments shall be in the amount of $139.57 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(k) Note # 11. Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition

Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $26,000.00. Monthly payments shall be in the amount of $139.57 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(l) Note # 12.  Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $31,000.00. Monthly payments shall be in the amount of $166.41beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(m) Note # 13.  Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $31,000.00. Monthly payments shall be in the amount of $166.41beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(n) Note # 14.  Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $37,000.00. Monthly payments shall be in the amount of $198.62 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(o) Note # 15.  Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $41,000.00. Monthly payments shall be in the amount of $220.10 beginning on the fifteenth day of the first full month following the Effective Date. The

balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(p) Note # 16. Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $54,000.00. Monthly payments shall be in the amount of $289.88 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVII as described below.

(q) Note # 17.  Chase shall be treated as partially secured in an amount equal to the value of the collateral. Chase shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Chase, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $48,654.88. Monthly payments shall be in the amount of $261.19 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Chase's claim shall be treated as a general unsecured claim in Class XXVI as described below.

**M.**     **Class XIII– Fidelity:**

(1)     <u>Classification</u>. Class XIII shall be modified as follows:

(a)  Upon information and belief on or about August 22, 2006, the Debtors entered into a Promissory Note and Deed of Trust with Fidelity Bank ("Fidelity") in the original principal amount of $198,000.00 ("Note # 1") Note # 1 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form.. The Deed of Trust is secured by property located at 4502 Pine Crest Street, North Myrtle Beach, South Carolina. The Debtors estimate Fidelity's claim to be $175,903.80.

(b)  Upon information and belief on or about August 1, 2006, the Debtors entered into a Promissory Note and Deed of Trust with Fidelity in the original principal amount of $200,00.00 ("Note#2") Note # 2 was secured by a Deed of Trust, taking a security interest in rents and profits,  and all proceeds thereof in any form. The Deed of Trust is secured by property located at 923 North Marietta Street, Gastonia, North Carolina. The Debtors estimate Fidelity's claim to be $199,184.91

(2)     <u>Impairment</u>.   This class will be impaired.

(3)     <u>Treatment</u>.     The Debtors propose the following treatment

(a) Fidelity shall be treated as fully secured in an amount equal to the value of the collateral. Fidelity shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Fidelity, with interest at the rate of six percent (6%) per annum amortized over a period of fifteen (15) years with a ten (10) year balloon payment . For feasibility purposes the Debtors estimate this claim to be $181,382.97. Monthly payments shall be in the amount of $1,539.19 beginning on the fifteenth day of the first full month following the Effective Date. The outstanding principal balance shall be due and payable one hundred twenty (120) months from the Effective Date.

(b) Fidelity shall be treated as fully secured in an amount equal to the value of the collateral. Fidelity shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Fidelity, with interest at the rate of six percent (6%) per annum amortized over a period of fifteen (15) years with a ten (10) year balloon. For feasibility purposes the Debtors estimate this claim to be $207,058.12. Monthly payments shall be in the amount of $1,757.06 beginning on the fifteenth day of the first full month following the Effective Date. The outstanding principal balance shall be due and payable one hundred twenty (120) months from the Effective Date. Additionally, the Debtors must resolve all building code violations associated with this property. As such the Debtors must comply with following conditions: (1) By July 1, 2011 the Debtors must provide counsel for Fidelity Bank a detailed written bid or contract with price for any repairs to the subject building and comply with all building code violations. The contractor must be licensed, reputable and in the business of building construction. The bank may review the contract with the building code inspectors to ensure compliance. (2) By August 1, 2011 contracted work on the building must have begun and be in earnest progress continuing to completion. (3) By October 1, 2011 Debtors will provide counsel for Fidelity Bank with a letter from the appropriate building code department that all repairs of all outstanding code violations have been rectified and that the building is building code compliant. (4) Debtors' failure to complete the tasks set out in the 3 paragraphs above by the dates specified will constitute a default under the underlying Note and Deed of Trust and the bank will have the right to foreclose.

N.   **Class XIV – Fifth Third Bank:**

(1)   <u>Classification</u>. Class XIV consists of the following two secured claims:

(a)   Upon information and belief on or about September 6, 2002, the Debtors entered into a Promissory Note and Deed of Trust with First Charter Bank in the original principal amount of $208,000.0.00 ("Note#1") Note # 1 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to Fifth Third Bank. The Deed of Trust is secured by property located at 432 Wilson Farm Road, Gastonia, North Carolina. Fifth Third Bank filed proof of claim number 5 in the amount of $182,113.83

(b)   Upon information and belief on or about September 10, 2001, the Debtors entered into a Promissory Note and Deed of Trust with First Charter Bank in the original principal amount of $40,000.00 ("Note# 2") Note # 2 was secured by a Deed of Trust, taking a security interest in rents and profits,  and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to Fifth Third Bank. The Deed of Trust is secured by property located at 438 Wilson Farm Road, Gastonia, North Carolina. The Debtor estimates Fifth Third Bank's claim is $36,491.00.

(2)    <u>Impairment</u>.   This class will be impaired.

(3)    <u>Treatment</u>.     The Debtors propose the following treatment:

 (a) Note # 1. Fifth Third Bank's claim shall be treated unimpaired. Fifth Third Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its secured claim is paid in full. The Debtors shall make payments to Fifth Third Bank, pursuant to the original contract terms. The Debtors will pay the mortgage arrearages of approximately $28,830.67 through July 2011 over a period of five (5) years at a rate of five and one quarter (5.25%) percent per annum. Monthly arrearage payments shall be estimated at the amount of $484.00 beginning on the fifteenth day of the first full month following the Effective Date. The aforementioned mortgage arrearages payment is subject to change based upon the updated arrearages figure which will be provided directly to the Debtors by the Fifth Third Bank.

(b) Note # 2.          Fifth Third Bank shall be treated as fully secured in an amount equal to the payoff amount due to Fifth Third Bank. Fifth Third Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Fifth Third Bank, with interest at the rate of five and a quarter percent (5.25%) per annum amortized over a period of thirty (30) years. The Debtors estimate this claim to be $38,500.00. Monthly payments shall be determined in light of the amount of debt with Fifth Third to provide a payoff quote and monthly payment amount directly to the Debtors based upon the actual payoff amount due.   These payments will be due on the fifteenth day of the first full month following the Effective Date.

4.     Additionally, the plan shall treat the secured claims of this creditor in this class as follows:

(a)  That, except to the extent modified herein or by further orders of the Court, the terms of the Notes and Deeds of Trust shall remain valid, in full force and be effective, including but not limited to the terms related to escrow and the terms of default.  The only terms modified shall be the balance of the loan, the interest rate and the length of the term of payment of the modified loan balance.

(b)  It is further ordered that if the Creditor in this Class has advanced of paid taxes or insurance post-petition then should the Debtors fail to immediately pay to said Creditor funds for reimbursement of the advance then the parties shall look to the terms of the Notes and Deeds of Trust for recovery by the Creditor of such an advance for taxes and insurance, including the right to further escrow the loan.

(c)  That, through the end of the end of the 5th year following confirmation of the Amended Plan, the Debtors shall not sell any real property of said Class without seeking Court approval by motion and an order.  Upon such sale of the real property then any amount paid to the Debtors in excess of the amount remaining due for such Notes and Deeds of Trust, as determined by the modified terms herein, shall be paid and disbursed to the general unsecured Class in addition to the amounts stated in the confirmed Amended Plan.

(d) That no Notes or Deeds of Trust are modified herein or by other or further Orders of the Court where said Notes or Deeds of Trust have been fully foreclosed upon prior to the petition date of this case and all rights of the Debtors to redeem the real property had been extinguished under non-bankruptcy law prepetition, regardless of the express language of the Amended Plan and other or further orders of the Court, including the Order confirming the Amended Plan.

## O.   **Class XV – First National Bank:**

(1)   <u>Classification</u>. Class XV shall be modified as follows:

(a)  Upon information and belief on or about December 8, 2002, the Debtors entered into a Promissory Note and Deed of Trust with First National Bank of Shelby in the original principal amount of $128,000.00 ("Note#1") Note # 1 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. The Deed of Trust is secured by property located at 202 South Roxford Rd, Kings MTN, North Carolina, and 310 Willow St., Gastonia, North Carolina. First National Bank of Shelby filed proof of claim # 1 in the amount of $69,488.98.

(b)  Upon information and belief on or about August 15, 2008, the Debtors entered into a Consumer Security Agreement with First National Bank in the original principal amount of $600,000.00 The Consumer Security Agreement was secured by the following Deeds of Trust: (1)second mortgage on 4502 Pinecrest Street, North Myrtle Beach, North Carolina;(2) a second mortgage on 432 Wilson Farm Road, Gastonia, North Carolina; (3) first lien on 904 Neal Hawkins Rd, Gastonia, North Carolina; a second mortgage on 1228 Oliver Hill Rd Banner Elk North Carolina; and (4) 3417 Gatewood North Carolina. First National Bank of Shelby filed proof of claim # 4 in the amount of $587,729.02

(2)   <u>Impairment</u>.   This class will be impaired.

(3)   <u>Treatment</u>.   The Debtors propose the following treatment:

(a) Note # 1.      First National Bank shall be treated as fully secured for the full amount of their claim, including all principal, accrued interest and attorneys' fees. First National Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to First National Bank, with interest at the rate of five percent (5%) per annum amortized over a period of twenty-five (25) years with a ten (10) year balloon. The Debtors estimate this claim to be $74,466.70. Monthly payments shall be in the amount of $435.00 beginning on the first day of the first full month following the Effective Date. The outstanding principal balance shall be due and payable one hundred twenty (120) months from the Effective Date.

(b) ) Note # 2.      First National Bank shall be treated as fully secured for the full amount of their claim, including all principal, accrued interest and attorneys' fees. First National Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to First National Bank, with interest at the rate of five percent (5%) per annum amortized over a period of twenty-five (25) years with a ten (10) year balloon. Debtors estimate this claim to be $622,096.00. Monthly payments shall be in the amount of $3,637.00 beginning on the first day of the first full month following the Effective Date. The outstanding principal balance shall be due and payable one hundred twenty (120) months from the Effective Date.

## Q.    Class XVII – GMAC Mortgage, LLC:

GMAC Mortgage LLC's Objection to Confirmation is overruled.  The Court finds that the treatment is fair and equitable and the Amended Plan is feasible.

(1)      Classification. Class XVII shall be modified as follows:

(a) Note # 1.   GMAC shall be treated as partially secured in an amount equal to the value of the collateral. GMAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to GMAC, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $30,000.00. Monthly payments shall be in the approximate amount of $161.05 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of GMAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(b) Note # 2.        GMAC shall be treated as partially secured in an amount equal to the value of the collateral. GMAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to GMAC, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility

purposes the Debtors estimate this claim to be $30,500.00. Monthly payments shall be in the approximate amount of $163.73 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of GMAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(c) Note # 3.            GMAC shall be treated as partially secured in an amount equal to the value of the collateral. GMAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to GMAC, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $53000.00. Monthly payments shall be in the approximate amount of $284.52 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of GMAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(d) Note # 4.            GMAC shall be treated as partially secured in an amount equal to the value of the collateral. GMAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to GMAC, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $45,000.00. Monthly payments shall be in the approximate amount of $241.57 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of GMAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(e) Note # 5.            GMAC shall be treated as partially secured in an amount equal to the value of the collateral. GMAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to GMAC, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $30,000.00. Monthly payments shall be in the approximate amount of $161.00 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of GMAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(f) Note # 6.            GMAC shall be treated as partially secured in an amount equal to the value of the collateral. GMAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to GMAC, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $87,000.00. Monthly payments shall be in the approximate amount of $467.03 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of GMAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(g) Note # 7.   GMAC shall be treated as partially secured in an amount equal to the value of the collateral. GMAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to GMAC, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $75,000.00. Monthly payments shall be in the approximate amount of $402.62 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of GMAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(h) Note # 8.        GMAC shall be treated as partially secured in an amount equal to the value of the collateral. GMAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to GMAC, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $75,000.00. Monthly payments shall be in the approximate amount of $402.62 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of GMAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(i) Note # 9.        GMAC shall be treated as partially secured in an amount equal to the value of the collateral. GMAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to GMAC, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the approximate amount of $225.47 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of GMAC's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(j) Note # 10.   GMAC shall be treated as partially secured in an amount equal to the value of the collateral. GMAC shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to GMAC, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $59,400.00. Monthly payments shall be in the approximate amount of $318.87 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of GMAC's claim shall be treated as a general unsecured claim in Class XXVII as described below.

4.      Additionally, the plan shall treat the secured claims of this creditor in this class as follows:

(a)  That, except to the extent modified herein or by further orders of the Court, the terms of the Notes and Deeds of Trust shall remain valid, in full force and be effective, including but not limited to the terms related to escrow and the terms of default.  The only terms modified shall

be the balance of the loan, the interest rate and the length of the term of payment of the modified loan balance.

(b)  It is further ordered that if the Creditor in this Class has advanced of paid taxes or insurance post-petition then should the Debtors fail to immediately pay to said Creditor funds for reimbursement of the advance then the parties shall look to the terms of the Notes and Deeds of Trust for recovery by the Creditor of such an advance for taxes and insurance, including the right to further escrow the loan.

(c) That, through the end of the end of the 5th year following confirmation of the Amended Plan, the Debtors shall not sell any real property of said Class without seeking Court approval by motion and an order.  Upon such sale of the real property then any amount paid to the Debtors in excess of the amount remaining due for such Notes and Deeds of Trust, as determined by the modified terms herein, shall be paid and disbursed to the general unsecured Class in addition to the amounts stated in the confirmed Amended Plan.

(d) That no Notes or Deeds of Trust are modified herein or by other or further Orders of the Court where said Notes or Deeds of Trust have been fully foreclosed upon prior to the petition date of this case and all rights of the Debtors to redeem the real property had been extinguished under non-bankruptcy law prepetition, regardless of the express language of the Amended Plan and other or further orders of the Court, including the Order confirming the Amended Plan.

(e)      That any approximate amount of any monthly payment amount due as set by this Order confirming plan shall be determined by the Creditor based upon the new loan balance determined by the value as ordered, the interest rate and the length of the term. The Creditor shall provide payment change notices to the Debtors based upon the findings herein.


**T.**   **Class XX– Litton:**

(1)      Classification. Class XX shall be modified as follows:

(a)  Upon information and belief on or about November 23, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $62,250.00 ("Note#1") Note # 1 was secured by a Deed of Trust, taking a security interest in rents and profits,  and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to JPMorgan Chase. Litton Loan Servicing, LP ("Litton") is the loan servicer. The Deed of Trust is secured by property located at 2700 Westview, Gastonia, North Carolina. Litton filed proof of claim # 74 in the amount of $65,642.60.

(b)  Upon information and belief on or about November 23, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $62,250.00 ("Note#2") Note # 2 was secured by a Deed of Trust, taking a security interest in rents and profits,  and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to JPMorgan Chase. Litton Loan Servicing, LP ("Litton") is the loan

servicer. The Deed of Trust is secured by property located at 2704 Westview, Gastonia, North Carolina. Litton filed proof of claim # 67 in the amount of $65,319.02.

(c)  Upon information and belief on or about November 23, 2003, the Debtors entered into a Promissory Note and Deed of Trust with Long Beach Mortgage Corporation in the original principal amount of $62,250.00 ("Note # 3") Note # 3 was secured by a Deed of Trust, taking a security interest in rents and profits,  and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to JPMorgan Chase. Litton Loan Servicing, LP ("Litton") is the loan servicer. The Deed of Trust is secured by property located at 2802 Westview, Gastonia, North Carolina. Litton filed proof of claim # 73 in the amount of $66,071.82.

(2)    <u>Impairment</u>.    This class will be impaired.

(3)    <u>Treatment</u>.      The Debtors propose the following treatment:

 (a) Note # 1.  Litton shall be treated as partially secured in an amount equal to the value of the collateral. Litton shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Litton, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $51,250.00. Monthly payments shall be in the amount of $275.12 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Litton's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(b) Note # 2.          Litton shall be treated as partially secured in an amount equal to the value of the collateral. Litton shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Litton, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $51,250.00. Monthly payments shall be in the amount of $275.12 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Litton's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(c) Note # 3.          Litton shall be treated as partially secured in an amount equal to the value of the collateral. Litton shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Litton, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $51,250.00. Monthly payments shall be in the amount of $275.12 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Litton's claim shall be treated as a general unsecured claim in Class XXVI as described below.

**U.**   **Class XXI – LOANCARE:**

(1)   <u>Classification</u>.  Class XXI shall be modified as follows:

(a)   Upon information and belief on or about July 16, 2002, the Debtors entered into a Promissory Note with Springs Mortgage Corporation in the original principal amount of $48,300.00 ("Note#1") Note # 1 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Loan Care Servicing Center ("LoanCare"). The Deed of Trust is secured by property located 1006 Briarwood Drive, Dallas, North Carolina. LoanCare filed proof of claim 38 in the amount of $47,353.82.

(b)   Upon information and belief on or about May 23, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $61,000.00 ("Note#2") Note # 2 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Loan Care. The Deed of Trust is secured by property located at 2653 Goble Street, Gastonia, North Carolina. LoanCare filed proof of claim # 89 in the amount of $66,727.60

(c)   Upon information and belief on or about May 23, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $61,000.00 ("Note#3") Note #  was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 2713 Goble Street, Gastonia, North Carolina. The Debtors estimate LoanCare's claim to be $56,308.24

(d)   Upon information and belief on or about May 30, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $56,580.00 ("Note#4") Note # 4 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 2717 Goble Street, Gastonia, North Carolina. LoanCare filed proof of claim # 80 in the amount of $60,564.60.

(e)   Upon information and belief on or about May 30, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $56,580.00 ("Note# 5") Note #5  was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 2721 Goble Street, Gastonia, North Carolina. LoanCare filed proof of claim # 82 in the amount of $61,290.58.

(f)   Upon information and belief on or about May 30, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $56,580.00 ("Note# 6") Note # 6 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 2725 Goble Street, Gastonia, North Carolina. The Debtors estimate LoanCare's claim to be $62,410.65.
.

(g) Upon information and belief on or about May 30, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $56,580.00 ("Note# 7") Note # 7 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 2733 Goble Street, Gastonia, North Carolina. LoanCare filed proof of claim # 83 in the amount of $56,227.51.

(h) Upon information and belief on or about July 18, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $44,160.00 ("Note#8") Note # 8  was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 2138 Hartford Street, Gastonia, North Carolina. The Debtors estimate LoanCare's claim to be $39,071.21.

(i) Upon information and belief on or about July 11, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $47,600.00 ("Note# 9") Note # 9 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 3019 Salem Drive, Gastonia, North Carolina. The Debtors estimate that LoanCare's claim will be $51,762.55.

(j) Upon information and belief on or about July 12, 2002 the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $46,900.00 ("Note # 10") Note # 10 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 906 Shannon Bradley Street, Gastonia, North Carolina. The Debtors estimate that LoanCare's claim will be $42,849.14.

(k) Upon information and belief on or about August 14, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $56,000.00 ("Note# 11") Note # 11 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 2724 Westview Street, Gastonia, North Carolina. The Debtors estimate LoanCare's claim will be 54,809.49.

(l) Upon information and belief on or about July 16, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $47,600.00 ("Note# 12") Note # 12 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 2722 Westview Street, Gastonia, North Carolina. The Debtors estimate LoanCare's claim will be 47,479.70.

 (m) Upon information and belief on or about July 12, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $46,900.00 ("Note# 14") Note # 14 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of

Trust is secured by property located at 2705 Goble Street, Gastonia, North Carolina. LoanCare filed proof of claim # 37 in the amount of $47,973.69.

(n) Upon information and belief on or about July 12, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $46,900.00 ("Note# 14") Note # 14 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 2709 Goble Street, Gastonia, North Carolina. LoanCare filed proof of claim # 37 in the amount of $47,973.69.

(o) Upon information and belief on or about April 12, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $46,500.00 ("Note# 15") Note # 15 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to Loan Care. The Deed of Trust is secured by property located at 112 Miller Street, Gastonia, North Carolina. The Debtors estimate LoanCare's claim will be $43,705.60.

(p) Upon information and belief on or about April 12, 2002, the Debtors entered into a Promissory Note and Deed of Trust with Springs Mortgage Corporation in the original principal amount of $63,750.00 ("Note# 16") Note # 16 was secured by a Deed of Trust, taking an assignment of rents. Said Note and Deed of Trust were transferred to LoanCare. The Deed of Trust is secured by property located at 517 Tareyton Street, Gastonia, North Carolina. LoanCare filed proof of claim # 77 in the amount of $70,138.89

(2)    <u>Impairment</u>.    This class will be impaired.

(3)    <u>Treatment</u>.    The Debtors propose the following treatment:

(a) Note # 1.    LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of five and a quarter percent (5.25%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $44,500.00. Monthly payments shall be in the approximate amount of $245.73 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(b) Note # 2.    LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of five and a quarter percent (5.25%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00.

Monthly payments shall be in the approximate amount of $231.93 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(c)Note # 3          LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of five and a quarter percent (5.25%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the approximate amount of $231.93 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(d) ) Note # 4. LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of five and a quarter percent (5.25%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the approximate amount of $231.93 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(e) Note # 5.  LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of five and a quarter percent (5.25%) annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the approximate amount of $231.93 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class  XXVI as described below.

(f) ) Note # 6. LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of five and a quarter percent (5.25%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the approximate amount of $231.93 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(g) ) Note # 7. LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of five and a quarter percent (5.25%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the approximate amount of $231.93 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(h) ) Note # 8. LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of five and a quarter percent (5.25%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $30,000.00. Monthly payments shall be in the approximate amount of $165.66 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(i) ) Note # 9.  LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of five and a quarter percent (5.25%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $33,000.00. Monthly payments shall be in the approximate amount of $182.23 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(j) ) Note # 10. LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of five and a quarter percent (5.25%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $32,500.00. Monthly payments shall be in the approximate amount of $179.47 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(k) Note # 11.  LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of five and a quarter percent (5.25%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments

shall be in the approximate amount of $231.93 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(l) Note # 12. LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of five and a quarter percent (5.25%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $39,000.00. Monthly payments shall be in the approximate amount of $215.36 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(m) ) Note # 13. LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of five and a quarter percent (5.25%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the approximate amount of $231.93 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(n) Note # 14. LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of five and a quarter percent (5.25%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the approximate amount of $231.93 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(o) Note # 15. LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of five and a quarter percent (5.25%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $28,500.00. Monthly payments shall be in the approximate amount of $157.38 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(p) Note # 16. LoanCare shall be treated as partially secured in an amount equal to the value of the collateral. LoanCare shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to LoanCare, with interest at the rate of five and a quarter percent (5.25%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $37,000.00. Monthly payments shall be in the approximate amount of $204.32 for principal and interest only beginning on the fifteenth day of the first full month following the Effective Date. The balance of LoanCare's claim shall be treated as a general unsecured claim in Class XXVI as described below.


4.      Additionally, the plan shall treat the secured claims of this creditor in this class as follows:

(a)      That, except to the extent modified herein or by further orders of the Court, the terms of the Notes and Deeds of Trust shall remain valid, in full force and be effective, including but not limited to the terms related to escrow and the terms of default.  The only terms modified shall be the balance of the loan, the interest rate and the length of the term of payment of the modified loan balance.

(b)      It is further ordered that if the Creditor in this Class has advanced of paid taxes or insurance post-petition then should the Debtors fail to immediately pay to said Creditor funds for reimbursement of the advance then the parties shall look to the terms of the Notes and Deeds of Trust for recovery by the Creditor of such an advance for taxes and insurance, including the right to further escrow the loan.

(c)      That, through the end of the end of the 5th year following confirmation of the Amended Plan, the Debtors shall not sell any real property of said Class without seeking Court approval by motion and an order.  Upon such sale of the real property then any amount paid to the Debtors in excess of the amount remaining due for such Notes and Deeds of Trust, as determined by the modified terms herein, shall be paid and disbursed to the general unsecured Class in addition to the amounts stated in the confirmed Amended Plan.

(d)      That no Notes or Deeds of Trust are modified herein or by other or further Orders of the Court where said Notes or Deeds of Trust have been fully foreclosed upon prior to the petition date of this case and all rights of the Debtors to redeem the real property had been extinguished under non-bankruptcy law prepetition, regardless of the express language of the Amended Plan and other or further orders of the Court, including the Order confirming the Amended Plan.

(e)      That any approximate amount of any monthly payment amount due as set by this Order confirming plan shall be determined by the Creditor based upon the new loan balance determined by the value set, the interest rate and the length of the term. The Creditor shall provide payment change notices to the Debtors based upon the findings herein.

**(V)**   **Class XXII – Nexity Bank n/k/a Alostar Bank of Commerce:**

(1)   Classification.  Class XXII shall be modified as follows:

(a)   Upon information and belief on or about May 25, 2001, the Debtors entered into a Promissory Note with Nexity Bank n/k/a Alostar Bank of Commerce in the original principal amount of $389,600.00 ("Note #1"). Note # 1 was modified by Modification Agreement-Deed of Trust dated July 22, 2009, extending the maturity date until July 25, 2014. Note # 1 is secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. The Deed of Trust is secured by the following properties all of which have appraisal values of $33,000.00 each: (1) 2000 Gothic  Court; (2) 2001 Gothic Court; (3) 2006 Gothic Court; (4) 2007 Gothic Court; (5) 2094 Hartford drive; (6) 2102 Hartford Drive; (7) 2156 Hartford Drive (8) 2124 Springfield Drive, all located in Gastonia, North Carolina. Nexity Bank n/k/a Alostar Bank of Commerce filed proof of claim # 8 in the amount of $294,755.65.

(b)   Upon information and belief on or about August 25, 2004, the Debtors entered into a Promissory Note with Nexity Bank n/k/a Alostar Bank of Commerce in the original principal amount of $29,627.49 ("Note #2") Note # 2 was modified by Modification Agreement-Deed of Trust dated July 22, 2009, extending the maturity date until July 25, 2014. Note # 2 is secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. The Deed of Trust is secured by the following properties all of which have appraisal values of $33,000.00 each: (1) 2000 Gothic  Court; (2) 2001 Gothic Court; (3) 2006 Gothic Court; (4) 2007 Gothic Court; (5) 2094 Hartford drive; (6) 2102 Hartford Drive; (7) 2156 Hartford Drive (8) 2124 Springfield Drive, all located in Gastonia, North Carolina. Nexity Bank n/k/a Alostar Bank of Commerce filed proof of claim # 8 in the amount of $294,755.65.

(2)   Impairment.   This class will be impaired.

(3)   Treatment.      The Debtors propose the following treatment:

(a) Note # 1.  Nexity Bank n/k/a Alostar Bank of Commerce shall be treated as fully secured. Nexity Bank n/k/a Alostar Bank of Commerce shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. Attorney's fees shall be capitalized. The Debtors shall make monthly payments to Nexity Bank n/k/a Alostar Bank of Commerce, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $287,100.45. Monthly payments shall be in the amount of $1,541.21 beginning on the fifteenth day of the first full month following the Effective Date and Debtors shall continue to make regular monthly payments under the terms of Note #1 until the Effective Date. Additionally, the Parties will execute loan modification documents post Plan confirmation to reflect the revised Plan terms and convert the loans to escrow loans; and the outstanding 2010 taxes for the properties will be paid in full on or before the Effective Date of the Plan.

(b) Note # 2.  Nexity Bank n/k/a Alostar Bank of Commerce shall be treated as fully secured. Nexity Bank n/k/a Alostar Bank of Commerce shall retain its lien with the priority

thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. Attorney's fees shall be capitalized. The Debtors shall make monthly payments to Nexity Bank n/k/a Alostar Bank of Commerce, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $7,655.20. Monthly payments shall be in the amount of $41.09 beginning on the fifteenth day of the first full month following the Effective Date and Debtors shall continue to make regular monthly payments under the terms of Note #2 until the Effective Date. Additionally, the Parties will execute loan modification documents post Plan confirmation to reflect the revised Plan terms and convert the loans to escrow loans; and the outstanding 2010 taxes for the properties will be paid in full on or before the Effective Date of the Plan.

## X.   Class XXIV – U.S. Bank:

(1)    Classification.  Class XXIV shall be modified as follows:

(a)  Upon information and belief on or about September 7, 2005, the Debtors entered into a Promissory Note with Credit Suisse First Boston Financial Corporation in the original principal amount of $56,000.00 ("Note#1") Note # 1 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to U.S. Bank National ("U.S. Bank"). The Deed of Trust is secured by property located at 805 North Avon Street, Gastonia, North Carolina. U.S. Bank filed proof of claim # 25 in the amount of $57,702.94.

(b)   Upon information and belief on or about July 28, 2006, the Debtors entered into a Promissory Note and Deed of Trust with Credit Suisse Financial Corporation in the original principal amount of $,67,000.00 ("Note#2") Note # 2 was secured by a Deed of Trust, taking a security interest in rents and profits,  and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to U.S. Bank National ("U.S. Bank").The Deed of Trust is secured by property located at 2525 Myers Street, Gastonia, North Carolina. U.S. Bank filed proof of claim # 20 in the amount of $71,392.39.

(c)   Upon information and belief on or about July 28, 2006, the Debtors entered into a Promissory Note Credit Suisse Financial Corporation in the original principal amount of $71,700.00 ("Note#3") Note # 3 was secured by a Deed of Trust, taking a security interest in, rents and profits, and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to U.S. Bank National ("U.S. Bank").The Deed of Trust is secured by property located at 2727Westview Street, Gastonia, North Carolina. U.S. Bank filed proof of claim # 24 in the amount of $76,989.07

(d)   Upon information and belief on or about July 28, 2006, the Debtors entered into a Promissory Note Credit Suisse Financial Corporation in the original principal amount of $66,500.00. ("Note # 4") Note # 4 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to U.S. Bank National ("U.S. Bank").The Deed of Trust is secured by property

located at 726 Davidson Street, Gastonia, North Carolina. U.S. Bank filed proof of claim # 27 in the amount of $71,185.65.

(e)     Upon information and belief on or about July 28, 2006, the Debtors entered into a Promissory Note and Deed of Trust  with Credit Suisse Financial Corporation, in the original principal amount of $67,400.00 ("Note # 5) Note # 5 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to U.S. Bank National ("U.S. Bank"). The Deed of trust is secured by property located at 2519 Gardner Street, Gastonia, North Carolina. U.S. Bank filed proof of claim # 21 in the amount of $76,752.77

(f)     Upon information and belief on or about September 7, 2005 the Debtors entered into a Promissory Note with Amtrust Mortgage Corporation in the original principal amount of $52,000.00 ("Note #6") Note # 6 was secured by a Deed of Trust, taking an taking a security interest in rents and profits, and all proceeds thereof in any form. Said Note and Deed of Trust were transferred to U.S. Bank National ("U.S. Bank"). The Deed of Trust is secured by property located at 3054 Crawford Street, Gastonia, North Carolina. U.S. Bank filed proof of claim # 23 in the amount of $53,072.24

(2)     Impairment.     This class will be impaired.

(3)     Treatment.     The Debtors propose the following treatment:

 (a) Note # 1.  U.S. Bank shall be treated as partially secured in an amount equal to the value of the collateral. U.S. Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to U.S. Bank, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $53,000.00. Monthly payments shall be in the amount of $284.52 beginning on the fifteenth day of the first full month following the Effective Date. The balance of U.S. Bank's claim shall be treated as a general unsecured claim in Class XXVI as described below.

 (b) Note # 2.  U.S. Bank shall be treated as partially secured in an amount equal to the value of the collateral. U.S. Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to U.S. Bank, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $42,000.00. Monthly payments shall be in the amount of $225.47 beginning on the fifteenth day of the first full month following the Effective Date. The balance of U.S. Bank's claim shall be treated as a general unsecured claim in Class XXVI as described below.

 (c) Note # 3.  U.S. Bank shall be treated as partially secured in an amount equal to the value of the collateral. U.S. Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured

claim is paid in full. The Debtors shall make monthly payments to U.S. Bank with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $46,000.00. Monthly payments shall be in the amount of $246.94 beginning on the fifteenth day of the first full month following the Effective Date. The balance of U.S. Bank's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(d) Note #4.   U.S. Bank shall be treated as partially secured in an amount equal to the value of the collateral. U.S. Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to U.S. Bank, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $63,000.00. Monthly payments shall be in the amount of $338.20 beginning on the fifteenth day of the first full month following the Effective Date. The balance of U.S. Bank's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(e) Note # 5.   U.S. Bank shall be treated as partially secured in an amount equal to the value of the collateral. U.S. Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to U.S. Bank, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $48,000.00. Monthly payments shall be in the amount of $257.67 beginning on the fifteenth day of the first full month following the Effective Date. The balance of U.S. Bank's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(f) Note # 6.   U.S. Bank shall be treated as partially secured in an amount equal to the value of the collateral. U.S. Bank shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtor shall make monthly payments to U.S. Bank, with interest at the rate of five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtor estimates this claim to be $39,500.00. Monthly payments shall be in the amount of $212.04 beginning on the fifteenth day of the first full month following the Effective Date. The balance of U.S. Bank's claim shall be treated as a general unsecured claim in Class XXVI as described below.

**Y.**   **Class XXV – Wells Fargo Bank:**

1. Classifications:       Class XXV shall be modified as follows:

(a)  Upon information and belief on or about December 22, 2004, the Debtors entered into a Deed of Trust and Security Instrument with Amtrust Mortgage Corporation in the original principal amount of $48,000.00. ("Note#1") Note # 1 was transferred to Wells Fargo Bank. Note # 1 was secured by a Deed of Trust, taking a security interest in rents and profits, or proceeds

paid thereof. The Deed of Trust is secured by property located at 719 Davie Street, Gastonia, North Carolina. Wells Fargo Bank filed proof of claim # 16 in the amount of $54,092.70.

(b) Upon information and belief on or about December 22, 2004, the Debtors entered into a Deed of Trust and Security Instrument with Amtrust Mortgage Corporation in the original principal amount of $71,200.00. ("Note#2") Note # 2 was transferred to Wells Fargo Bank. Note # 2 was secured by a Deed of Trust, taking a security interest in among other things, rents, and profits, and all proceeds thereof in any form. The Deed of Trust is secured by property located at 531 Sherman Street, Gastonia, North Carolina. Wells Fargo filed proof of claim # 18 in the amount of $78,418.75.

(c) Upon information and belief on or about December 22, 2004, the Debtors entered into a Deed of Trust and Security Instrument with Amtrust Mortgage Corporation in the original principal amount of $54,400.00 ("Note#3") Note # 3 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. Said Note was transferred to Wells Fargo. The Deed of Trust is secured by property located at 2611 Goble Street, Gastonia, North Carolina. Wells Fargo filed proof of claim # 17 in the amount of $61,245.75.

(d) Upon information and belief on or about August 26, 2004, the Debtors entered into a Deed of Trust and Security Instrument with Wells Fargo Bank, N.A., in the original principal amount of $54,400.00 ("Note # 4") Note # 4 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. The Deed of Trust is secured by property located at 2131 Hartford Drive, Gastonia, North Carolina. Wells Fargo filed proof of claim # 59 in the amount of $48,008.90.

(e) Upon information and belief on or about July 13, 2006, the Debtors entered into a Deed of Trust and Security Instrument with Wells Fargo Bank, N.A., in the original principal amount of $68,400.00 ("Note # 5") Note # 5 was secured by a Deed of Trust, taking a security interest in rents and profits, and all proceeds thereof in any form. The Deed of Trust is secured by property located at 2523 Myers Street, Gastonia, North Carolina. Wells Fargo filed proof of claim # 39 in the amount of $78,206.89.

(2)    <u>Impairment</u>.    This class will be impaired.

(3)    <u>Treatment</u>.

(a) Note # 1.        Wells Fargo's claim shall be treated as partially secured in an amount equal to the value of the collateral. Wells Fargo shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall pay monthly payments to Wells Fargo, with interest at the rate of five percent (5.25%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $38,500.00. Monthly payments shall be in the amount of $212.60 beginning on the fifteenth day of the first

full month following the Effective Date. The balance of Wells Fargo's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(b) Note # 2.          Wells Fargo's claim shall be treated as partially secured in an amount equal to the value of the collateral. Wells Fargo shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall pay monthly payments to Wells Fargo, with interest at the rate of five and one quarter percent (5.25%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $53,400.00. Monthly payments shall be in the amount of $294.88 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Wells Fargo's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(c) Note # 3.          Wells Fargo shall be treated as partially secured in an amount equal to the value of the collateral. Wells Fargo shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Wells Fargo, with interest at the rate of five and one quarter percent (5.25%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $37,000.00. Monthly payments shall be in the amount of $204.32 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Wells Fargo's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(d) Note # 4.          Wells Fargo shall be treated as partially secured in an amount equal to the value of the collateral. Wells Fargo shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Wells Fargo, with interest at the rate of five percent (5%)per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $34,500.00. Monthly payments shall be in the amount of $185.20 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Wells Fargo's claim shall be treated as a general unsecured claim in Class XXVI as described below.

(e) Note 5.          Wells Fargo shall be treated as partially secured in an amount equal to the value of the collateral. Wells Fargo shall retain its lien with the priority thereof, as existed on the Petition Date pursuant to 1129(b)(2)(A)(i)(I) of the Bankruptcy Code, until its allowed secured claim is paid in full. The Debtors shall make monthly payments to Wells Fargo, with interest at the five percent (5%) per annum amortized over a period of thirty (30) years. For feasibility purposes the Debtors estimate this claim to be $51,350.00. Monthly payments shall be in the amount of $275.66 beginning on the fifteenth day of the first full month following the Effective Date. The balance of Wells Fargo's claim shall be treated as a general unsecured claim in Class XXVI as described below.

The Debtors may investigate and pursue avoidance actions pursuant to the Bankruptcy Code.  Any funds collected through such actions will be distributed in accordance with the priorities established by the Bankruptcy Code and Orders of this Court.

3.      To the extent any language in the Amended Plan is inconsistent with the provisions of this Order, the provisions of this Order shall govern.

4.      Except as provided in this Order, the Amended Plan, or in Section 1141(d) of the Bankruptcy Code, the Debtors are hereby released from all dischargeable debts, provided that the Confirmation is expressly conditioned upon the Debtors providing for the payment of all allowed claims assertable against the Debtors' estate as specified in the Amended Plan and in this Order.

5.      All objections to claims, including requests for costs and expenses under section 506(b), fee applications, and adversary proceedings will be filed with the Court within sixty (60) days of the Effective Date, which shall be ten (10) days from the date of the entry of this Order.

6.      The Debtors shall file Post-Confirmation Reports with the Clerk of Court pursuant to Section 1106(a)(7) with a copy served upon the Bankruptcy Administrator.  The first report shall be due on the earliest of December 31, March 31, June 30, or September 30 in the calendar year in which this Plan is confirmed.  The Debtor shall file subsequent reports at the end of every succeeding quarter (December 31, March 31, June 30, or September 30), until the Amended Plan is substantially consummated.  Quarterly Reports shall reflect any progress made in consummating the Amended Plan during the period covered by the report.  Post-Confirmation Reports shall be filed in the format prescribed by the Bankruptcy Administrator.  Debtors will continue paying the quarterly fee to the United States Bankruptcy Court until the Motion for Final Decree is filed.

7.      Within thirty (30) days of substantial consummation of the Amended Plan, as defined by Section 1101(2), the Debtors shall file a final report in a format prescribed by the Bankruptcy Administrator reflecting the payments made for all costs of administration. each class of creditors and a motion for the entry of a Final Decree pursuant to Rule No. 3022, F.R.B.P.

8.      The Debtors shall pay to the Clerk, of the United States Bankruptcy Court, the sum of $0.00 for court costs.

9.      The Debtors shall serve a copy of this Order on all creditors within five (5) days of the entry of this Order and promptly file a Certificate of Service with the Clerk.


This Order has been signed
electronically. The judge's
signature and court's seal appear at the top of the Order.      United States Bankruptcy Court